CHASE and another vs. HILL.

It is not necessary that a writ of attachment, under the present practice, should be made returnable at any particular time.

That writ is now only a provisional remedy, designed to aid the principal suit, which must be commenced at or before the time the writ is issued.

In all such special proceedings, it is sufficient if the statute creating them is complied with.

APPEAL from the County Court of *La Crosse* County.

The case is stated in the opinion of the court.

*Johnson & Cameron*, for appellants:

An attachment under sec. 4, chap. 130, of the R. S., and chap. 101, General Laws of 1859, is a "writ." 2 Burr. L. Dic., 1073. All writs issuing from courts of record, must be returnable on the first day of the next term, unless a different return day is specially provided by law. Sec. 1, chap. 136, R. S. The writ of attachment should be made returnable in twenty days after it is issued. Sec. 8, chap. 130, R. S. ; sec. 4, chap. 101, Gen. Laws, 1859. The writ of attachment is "mesne process," and if made returnable at a wrong time, or, as in this case, not made returnable at all, it is void. *Bunn vs. Thomas,* 2 Johns., 190 ; *Burk vs. Barnard,* 4 id., 309; *Cramer vs. Van Alstyne,* 9 id., 386 ; *Miller vs. Gregory,* 4 Cow., 504. The form of the writ must conform to the provisions of the statute. *Roach vs. Moulton,* 1 Chand., 187 ; *Quarles vs. Robinson,* 1 Chand., 29.

*Cobb & Messmore* and *Hugh Cameron,* for respondent, contended that an attachment under chap. 130, R. S., was not a writ; that chap. 136, R. S., could apply only to writs and process known as such in that revision ; that although an attachment is designated a "writ" in chap. 101, General Laws of 1859, yet that statute does not require it to be made returnable, but merely that it be filed at the time mentioned ; that the general expressions of a statute may be restrained by subsequent particular words (*Adams vs. Wood,* 2 Cranch, 336 ; Smith on Statutes, 571 ; *Sloop Elizabeth,* 1 Paine C. C. R., 11) ; and that a writ created by statute need contain nothing except what the statute requires.

*By the Court,* DIXON, C. J. This is an appeal from an order of the county court of La Crosse county, refusing to set aside and dismiss a writ of attachment issued in September, 1859. Among the several objections made below, but one is urged here. It is that no proper return day is named in the writ. After commanding the officer to attach property, as prescribed by section 4 of chapter 130 of the Revised Statutes, it concludes by directing him "to proceed therein in the manner as required by the statutes in such case made and provided." The appellant insists that it should have been made returnable either at the first day of the next term

*June Term, 1860.*

CHASE et al.
v.
HILL.

January 2.

of the court or in twenty days after it was issued. In support of the former position, section 1 of chapter 136 is cited; the latter is based upon section 8 of chapter 130, R. S., and section 4 of chapter 101 of the laws of 1859. We are of opinion that neither position is tenable, and that the process is good as it is. Although it may properly be denominated a writ, and is so named in the statute, yet it is a special statutory proceeding. It is unlike the writ of attachment which existed under our former practice. It is not the writ or process by which the action is commenced, but it is a provisional remedy merely, designed to aid or help out the principal suit, which must be commenced at or before the time the attachment is issued. In all such special proceedings, it is sufficient if the requirements of the statute creating them are complied with. Such is the case here. The requirements of section 4, which contains the only directions as to the contents of the writ, being complied with, we cannot pronounce it irregular or defective. It embraces everything which the legislature deemed essential. That section is not modified or changed by section 4 of chapter 101, laws of 1859, which prescribes the time when the officer shall in fact make return. If it contained a direction in accordance with the latter provision, it would not thereby be vitiated, but it is sufficient without it.

Order affirmed, and cause remanded for further proceedings.