## Fiske vs. Anderson and others.

Whether or not a judgment recovered against a non-resident defendant on a service of summons by publication pursuant to the code, is *conclusive* and effectual for all purposes, and to the same extent as if personal service of the summons had been made on the defendant, within this state ? *Quære.*

The courts of this state have no jurisdiction to order service of a summons on a non-resident defendant by publication, unless such defendant *has property within the state*, when the order is made.

It is not sufficient that it be made to appear to the satisfaction of the court or judge, by affidavit, that such is the fact; nor that it be sworn to in the most positive terms, or by any number of affidavits. The fact must exist; the defendant must have property here, or the court acquires no jurisdiction to make the order.

This question of jurisdiction may be raised by the defendant at any time.

If the court has no jurisdiction to make an order of publication, a judgment founded thereon is void.

Section 135 of the code makes the jurisdiction to depend, not upon the judge who grants the order *being satisfied* of the fact upon which an order for publication is asked for, but upon the *existence* of the fact. And it is not for him to determine as to the existence of the fact, upon an ex parte application, in such a way as to bar or conclude the defendant. *Per* Hogeboom, J.

THIS complaint states that in March, 1850, James McBride and others recovered judgment in this court against the defendants, for the sum of $947.89, which judgment was duly assigned to the plaintiff and remains unpaid, and demands judgment for said sum with interest and costs. The defendant answers that the action in which the supposed judgment against him is alleged to have been recovered, arose upon contract; that when that action was commenced the defendant was a non-resident of New York and a resident of Illinois; that he never appeared in that action and never was personally served in New York with summons therein; that when the order for publication of the summons in that action was made, and for a long time before and after, the defendant had no property or rights of property within the state of New York; that when that judgment was rendered this court had acquired no jurisdiction of his person; that said judgment was taken against him as by default for

want of an answer; that at the time when said action was pretended to be commenced against him, he was not indebted to the plaintiff therein, and states facts in support of that allegation.

The cause was tried by the court, without a jury, when the plaintiff gave in evidence the record of the judgment, mentioned in the complaint, comprising 1. A summons for a money demand on contract, dated 25th January, 1850. 2. A complaint on a promissory note, stated to have been made by the defendants to the plaintiff, and past due, and for goods sold and delivered. 3. An affidavit of the service of said summons and complaint on Harvey B. Anderson, (this defendant,) in person, at Coral, in the state of Illinois, on 21st February, 1850. 4. An order entitled in that action, made by a justice of this court, and dated 25th January, 1850, reciting as follows: "It appearing to my satisfaction, by the affidavit of Edmund Terry, that a cause of action on contract exists against the above named defendants, and that such defendants cannot, after due diligence, be found in this state, and that they have property in this state ; and that all such defendants reside in Coral, McHenry county, state of Illinois;" and whereby it is ordered that the summons in the action be served by publication for six weeks, in two newspapers printed in New York, and that a copy of the summons and complaint be forthwith deposited in the post office, directed to said defendants at Coral, McHenry county, Illinois. 5. An order made by a justice of this court, on 29th March, 1850, whereby, after reciting that it appeared that service of the summons in the action by publication was ordered, and personal service of a copy of the summons and complaint had been made according to law, out of the state, and no answer put in by the defendants &c., it was referred to a referee to take proof of the demands mentioned in the complaint, and examine the plaintiffs as to payments; and, if the amount claimed by the plaintiffs was due, then that they have judg-

Fiske *v.* Anderson.

ment.   6. The report of the referee, stating that he had examined one of the plaintiffs, and taken proof of their demands, and found the amount claimed by them to be due.   7. An adjustment of the plaintiff's costs by the clerk, including an allowance of five per cent.   8. Judgment dated 30th March, 1850, against said defendants, for $947.89.   The plaintiff then rested, and the defendant moved to dismiss the complaint.   The court denied the motion, and thereupon ruled and decided, 1. That the service of the summons and complaint on the defendant Anderson at Coral, in Illinois, was good and sufficient service, and gave the court jurisdiction of the person of that defendant.   2. That the *recital* in the order of publication *that it appeared that the defendants had property in this state,* was conclusive evidence that the defendants had property here at that time : and 3. That said judgment was a good and valid judgment against the persons and property of the defendants so served out of the state, and was conclusive evidence of debt in this action.   To each of these rulings and decisions the defendant excepted.

The defendant then offered to prove 1. That the defendants in the action in which said judgment was recovered had not, nor had either of them, when that action was commenced, or when said order of publication therein was made, or when that judgment was rendered, any property within this state.  2. That before the commencement of that action the defendants therein had paid, satisfied and discharged the demands for which it was brought, and for which the judgment was rendered, and were not then, nor at the time of the trial in this action, indebted to the plaintiffs in that action, or to the plaintiff in this action, in any sum whatever.   The evidence so offered was objected to by the plaintiff, and rejected by the court, to which decision the defendants excepted.   Judgment was then rendered against the defendant for $1528.90, and from that judgment he appealed.

[library stamp]

*O. L. Stewart,* for the defendant.

*E. Terry,* for the plaintiff.

*By the Court,* BONNEY, J.   The important question to be decided in this case is, whether or not a judgment, recovered against a non-resident defendant, on service of summons by publication pursuant to the code, is *conclusive* and effectual for all purposes and to the same extent as if personal service of the summons had been made on the defendant within this state.

The code provides (§ 134) for the service of a summons on a defendant within this state, and (by § 135) that when a defendant cannot, after due diligence, be found within the state, and that fact appears by affidavit to the satisfaction of the court or judge, and it in like manner appears that a cause of action exists against the defendant, or that he is a proper party to an action relating to real property in this state, such court or judge may grant an order that service be made by publication of the summons *"where the defendant is not a resident of this state, but has property therein, and the court has jurisdiction of the subject of the action;"* that when publication is ordered, personal service of a copy of the summons and complaint out of the state is equivalent to publication and deposit in the post office ; and that the defendant against whom publication is asked, on application and sufficient cause shown *at any time before judgment,* must be allowed to defend the action, and (except in an action for divorce) upon good cause shown, may be allowed to defend after judgment, or at any time within one year after notice thereof, and within seven years after its rendition, on such terms as may be just; and, if the defense be successful, and any part of the judgment has been collected, may have restitution awarded.

It has been considered well settled law, that jurisdiction of the person of a defendant could not be obtained by any court, except by his voluntary appearance or by due service

Fiske *v.* Anderson.

of process, and that effectual service of process could not be made on any person beyond the jurisdiction of the court out of which the process issued. (*Fenton* v. *Garlick,* 8 *John.* 194. *Andrews* v. *Herriot,* 4 *Cowen,* 524, *in note.*) By the section of the code above referred to, personal service of summons and complaint out of this state is only made *equivalent to publication and deposit in the post office,* and it can have no greater effect.

The code also provides (§ 227) that in an action for the recovery of money against a non-resident defendant the property of such defendant may be attached as security for the satisfaction of such judgment as the plaintiff may recover. And (§ 237) in case judgment be entered for the plaintiff in such action, that the sheriff shall satisfy the same out of the property attached, in the manner by the code directed.

These provisions of the code afford, as I think, some ground for the position taken by the defendant in this suit, that it was the intent of the legislature to make a judgment obtained upon substituted service of summons by publication effectual only against property of the defendant which was within the jurisdiction of the court when the action was commenced or while it was pending, and which was or might have been seized under attachment therein.

But I do not deem it necessary now to express an opinion on this very important point. The judgment in this case, as I think, should be reversed and a new trial ordered, on another ground.

As I understand the code, (§ 135,) the courts of this state have no jurisdiction to order service of summons on a non-resident defendant by publication, *unless such defendant has property within the state* when the order is made. It is not sufficient that it be made to appear to the satisfaction of the court or judge, by affidavit, that such is the fact; nor that it be sworn to in the most positive terms or by any number of affiants; but the fact must exist; *the defendant must have property here,* or the court can have no jurisdiction to make

the order; and this question of jurisdiction may be at any time raised by the defendant. If the court had not jurisdiction to make the order for service by publication in this action, the judgment is void.

If then it be conceded that the judgment offered in evidence in this case was prima facie evidence of debt against this defendant, (as to which it is not necessary now to express an opinion,) the defendant in his answer had stated, and at the trial he offered to prove facts which, if established, would, in my opinion, render that judgment void. The evidence so offered was ruled out by the court, and the defendant excepted. I think this was error, and that the judgment appealed from should be reversed and a new trial ordered; costs to abide the event of the suit.

SUTHERLAND, J. concurred.

HOGEBOOM, J. I concur in the result of the opinion of Justice Bonney in this case, and in his views upon the point on which the new trial is granted. The jurisdiction of the court to make the order of publication depends upon the existence in point of fact of one of the five · different cases or contingencies in which alone publication can be ordered. The existence of these it is not for the judge granting the order to determine, upon an ex parte application, in such a way as to bar or conclude the defendant. He has had no opportunity to be heard on this question, and section 135 makes the jurisdiction to depend not upon the judge who grants the order *being satisfied* of the fact, but upon the *existence* of the fact itself. I incline to think the affidavit produced to the officer who makes the order, if incorporated in the judgment roll, or the recital of the fact in the judgment roll itself, is sufficient prima facie evidence of the fact; but it is a *jurisdictional* fact, and is open to contestation; unless the party has had an opportunity to controvert it. When that has been done, it becomes thereby an established fact, and is not open to.

examination afterwards, except upon a direct review of the proceeding. Suppose the affidavit on which the order was granted stated that the defendant was a foreign corporation, or that the defendant was a non-resident, or that the subject of the action was real or personal property in this state, or that the action was for divorce, when from the papers themselves or from extrinsic evidence it was made clear that the fact was in each instance the reverse of this, can it be doubted that the party aggrieved would have a right to set aside the proceedings or dispute their validity whenever the opportunity should be presented, unless the fact had been before decided against him *upon a hearing of the parties?* I think there can be no doubt of his right to do so, and that the rights of absent and non-resident defendants should, to this extent at least, be guarded from what *may* be a very oppressive proceeding.

