JARVIS VS. BARRETT.

A summons is now the only process by which civil actions in courts of record of this state can be commenced.

The writ of attachment is a mere provisional remedy, and can only be issued at or after the commencement of the action by summons, and before final judgment.

By the service of summons by publication pursuant to the statute, *without* a seizure of property by attachment, the courts of record of this state may acquire jurisdiction in an action upon contract so as to pronounce a judgment against a non-resident defendant, which shall be effectual and binding as against his property which was within the state at the time the order of publication was made, and is not removed from the state or sold to a purchaser in good faith before the judgment is rendered.

The essential fact upon which such jurisdiction is made to depend is, *property* of the defendant in this state, and not its seizure upon attachment, and that fact, *it seems*, may at any time be inquired into for the purpose of impeaching the jurisdiction.

Such a judgment is effectual only against the property specified in the affidavit on which the order of publication is based, or, at most, only against such as is within the jurisdiction of the court while the action is pending and when the judgment is pronounced.

If the creditor desires to guard against the contingency of a sale or removal of the property before he can obtain a lien by judgment or by means of execution, he may take the attachment also ; and if he omits to do so, and the property is in the meantime removed from the state or sold to a purchaser in good faith, the judgment will be fruitless.

After judgment duly entered for want of an answer, an application to dismiss a writ of attachment issued in the action, for irregularity, should not be entertained. Such applications must be made before the trial of the action. Laws of 1859, Chap. 101, Sec. 5.

APPEALS from the Circuit Court for *Dane* County.

These appeals were taken by the plaintiff from two orders of the circuit court, made respectively on the 10th and 15th of May, 1861. The nature of these orders, and the questions at issue, will appear from the opinion of the court.

*Wakeley & Vilas*, for appellant:

The writ of attachment is merely a provisional remedy, and the jurisdiction of the court in the action, and the validity of its judgment, do not depend upon the regularity or validity of that writ. R. S., chap. 130, secs. 9, 23—28; Laws of 1859, chap. 101; *Houghton vs. Ault*, 16 How. Pr. R., 79, 82; *Trueman vs. Walter*, 13 id., 348; *Morgan vs. Avery*, 7 Barb., 656; *Genin vs. Tompkins*, 12 id., 265.

*Smith & Keyes,* for respondents, contended that the writ of attachment is the foundation or commencement of a suit against a non-resident, and that the attachment in this case having been properly set aside for fatal defects in the affidavit and undertaking upon which it was issued, and also in the writ itself, it followed that the judgment must be set aside as of course.

December 30.   *By the Court,* DIXON, C. J.   Separate appeals from two orders of the circuit court in the same action, one setting aside a judgment which had been entered on default, and the other dismissing a writ of attachment which had been irregularly issued.   The irregularities of the writ are not the subject of debate, and the important question presented is, whether, by the service of summons by publication pursuant to the statute, and without the seizure of property by valid process of attachment, the courts of record of this state can acquire jurisdiction so as to pronounce a judgment against a non-resident defendant which shall be effectual and binding as against his property which was within the state at the time the order of publication was made.   The intention of the legislature to confer such jurisdiction seems very clear, and the inquiry is, whether it possesses the power to do so.

The statute (sec. 10, chap. 124, R. S.) provides that when the person on whom the service of the summons is to be made, cannot after due diligence be found within the state, and that fact shall appear by affidavit to the satisfaction of the court or judge, a county judge or court commissioner, and it shall in like manner appear that *a cause of action exists against the defendant in respect to whom the service is to be made,* or that he is a necessary or proper party to an action relating to real property in this state, the court or judge may grant an order that the service be made by the publication of the summons, *when the defendant is a non-resident, or his residence is unknown, but has property within this state, and the action is on contract, and the court has jurisdiction of the subject of the action;* that personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the post office; and if the summons

shall not be personally served on a defendant, nor received by him through the post office, he or his representatives shall, on application and sufficient cause shown, at any time before judgment, be allowed to defend the action, and (except in actions for divorce) may, in like manner, upon good cause shown, be allowed to defend after judgment at any time within one year after the notice thereof, and within three years after its rendition, on such terms as shall be just; and if the defense shall be successful, and the judgment or any part thereof shall have been collected or otherwise enforced, may have restitution awarded.

Section 27 of chapter 132 provides that, if the defendant fail to answer the complaint in an action *where the service of the summons was by publication,* the plaintiff may, upon filing with the clerk proof of the publication and service of the summons and complaint as prescribed by law, and that no answer has been received, apply to the court, after the expiration of the time for answering, for judgment, and the court shall thereupon cause proof to be taken of the demand mentioned in the complaint, and in case the defendant is a nonresident, shall cause the plaintiff or his agent to be examined on oath as to any payment that may have been made to such plaintiff or to any one for his use, on account of such demand, and *may render judgment for the amount which he is entitled to recover;* and before entering judgment, the court may, in its discretion, require the plaintiff to cause to be filed satisfactory security to abide the order of the court touching the restitution of any estate or effects which may be directed by such judgment to be transferred or delivered, *or the restitution of any money that may be collected under or by virtue of such judgment,* in case the defendant or his representatives shall apply and be admitted to defend the action and shall succeed in such defense.

A summons is now the only process by which civil actions in the courts of record of this state can be commenced. R. S., chap. 124, sec. 1.

The writ of attachment is a mere provisional remedy, and can only be issued at or after the commencement of the action by the process of summons and before final judgment.

R. S. chap. 130; Laws of 1859, chap. 101; *Hill vs. Chase*, 13 Wis., 222.

JARVIS
v.
BARRETT.

It is manifest from these provisions of the statute that the legislature did not intend to make the actual seizure of property indispensable to the jurisdiction of the court, but that the design was to substitute for it the service of summons by publication, founded upon the fact, which must be proven to the satisfaction of the court or judge making the order, that the defendant has property within the jurisdiction of the court which is liable to be taken in satisfaction of the plaintiff's demand. There must be property amenable to the process of the court, though it need not have been actually taken by virtue of it, as was heretofore the practice. In this case the affidavit required by the statute, showing that a cause of action existed, and that the defendant was a non-resident and had property in the state which was described, (it being the same which was subsequently taken upon the defective writ,) was regularly made, an order of publication obtained from the presiding judge, the summons published, and a copy, together with a copy of the complaint, served through the post office. So far, therefore, as the requirements of the statute are concerned, the court had jurisdiction to render the judgment, provided it is competent for the legislature to confer it in this way. We are compell.d to think that it is.

It is a universally acknowledged principle that jurisdiction cannot be acquired or exercised over persons or property without the territorial limits of the government where the court sits, and that the legislature possesses no power to grant it. It can only be obtained of persons and property within the territory so as to be subjected to the process of the court. Jurisdiction of a defendant cannot be acquired so as to bind him *personally*, except by his voluntary appearance, or by due service of process within the state, and service out of the state is utterly nugatory and void for that purpose. But his property within the state may be seized and sold for the satisfaction of his debts, and to that extent he may be bound by the judgment and proceedings had under it. This power on the part of the legislature and the courts has never

June Term, 1861.

JARVIS v. BARRETT.

been denied. Disclaiming any desire or intention to break in upon or depart from these well settled and salutary principles, we give it as our opinion that it is competent for the legislature to give to the courts jurisdiction over the property of non-residents within this state in the manner provided by statute. A writ of attachment is the usual and familiar method of conferring jurisdiction in such cases, but is not the only one. There is no magic about the writ which should make it the exclusive remedy. The same legislative power which provided it, can devise some other, and declare that it shall have the same force and effect. The particular means to be used are always within the control of the legislature, so that the end to be attained be not beyond the scope of its legitimate powers. The legislature could, therefore, substitute the service of summons by publication founded on affidavit that the defendant had property subject to the process of the court, for the writ of attachment, and give the court power to pronounce a judgment which should be effectual against such property. The essential fact upon which jurisdiction is made to depend is, property of the defendant in the state, and not whether it has been attached. And this, it seems, may at any time be inquired into for the purpose of impeaching the jurisdiction. *Fiske vs. Anderson*, 33 Barb., 71; *Eaton vs. Badger*, 33 N. H., 228, and cases there cited. If the defendant has property in the state, the judgment will be good against it. If he has none, it is a mere nullity. It is, therefore, in the nature of a proceeding *in rem*, as when an attachment was required, and the judgment is effectual only against the property specified in the affidavit, or at most such as is within the jurisdiction of the court while the action is pending, and when the judgment is pronounced. The intention of the legislature to give the action that character, and not to bind or attempt to bind the person of the defendant, is manifested by the entire provisions, but more particularly by that which makes personal service of a copy of the summons and complaint out of the state *equivalent to publication and deposit in the post-office.* We can see no valid objection to such a proceeding. The attachment is then, in such cases as in all others, a mere provis-

June Term, 1861.

ional remedy. If the creditor desires to guard against the contingency of a sale or removal of the property, and to make sure that it shall be forthcoming to answer his execution, he may take it. If he is disposed to waive the attachment and incur the risk of sale or removal, he can do so; in which case if the property be sold to a purchaser in good faith, or removed from the state, his judgment will be fruitless. It follows from these premises that the order vacating the judgment was erroneous, and that it must be reversed. See *In re Empire City Bank*, 18 N. Y., 314, *et seq.*

The order setting aside the writ must also be reversed. The court below held very properly, upon the first motion to set aside the writ, that the writ could not be reached until after the judgment was vacated. Applications to set aside and dismiss writs of attachment for irregularity, must be made before the trial of the action. Laws of 1859, chap. 101, sec. 5. The judgment having been improperly vacated, the second application to set aside the writ should not have been entertained.

The order in each case is reversed.