[MONROE GENERAL TERM, June 2, 1863. *E. Darwin Smith, Johnson* and *James C. Smith*, Justices.]

---

PECK *vs.* COOK, impleaded with others.

Upon an application for an order that the service of a summons may be made by publication, pursuant to the provisions of section 135 of the code, the applicant must not only show that the case falls within some one of the five subdivisions of that section, but he must also establish the jurisdictional fact that the person on whom the service of the summons is to be made cannot, *after due diligence, be found* within the state.

The circumstance that such person is a non-resident is of no importance, except as it tends to establish the fact that he is not within the state at the time when the application is made.

If the affidavit upon which an order for publication is granted is insufficient, the plaintiff will not be aided by the fact that after the order for publication was made, the summons and complaint were served upon the defendant, personally, out of this state.

APPEAL from an order made at a special term setting aside an order made by George Hastings, county judge of Livingston county, for the service of the summons in this case upon the defendant Cook by publication. The application for the order was made upon the following affidavit of the plaintiff, viz: "J. Franklin Peck, being duly sworn, says that he is the plaintiff in this action, which is in the nature of a creditor's suit, and is brought for the purpose of reach-

ing the property of the said defendant Anthony Yorks, which cannot be done by execution, the said action having been commenced by filing the plaintiff's summons and complaint, with an injunction granted therein, in the office of the clerk of Livingston county, on or about the 27th day of November, 1861; and that the same was served upon the defendants, Anthony Yorks and Howell Mosher, on the 10th day of December, 1861; on the said defendant John Mosher on the 12th day of said December, and on the said defendant Theodore Yorks, on the 4th day of January, 1862. And this deponent further says that the said defendant Zimri Cook is not a resident of this state, though he frequently visits the county of Livingston, but his residence is in the township of York, county of Medina and state of Ohio; that deponent placed a copy of said summons, complaint and injunction in this action in the hands of a deputy sheriff of the county of Livingston, with directions to serve the same on said Cook, on or about the 25th day of November, 1861; but this deponent is informed by said deputy that with all diligence he has been unable to find said Cook, and deponent verily believes that it will be impossible to obtain due service upon said Cook in this state. And this deponent further says that the said defendant Zimri Cook pretends to own and hold a valuable house and lot in Lima, which the said defendant Anthony Yorks has occupied for many years past, and to which he formerly held the title. And this deponent, upon information and belief, avers that said Cook is not really the owner of said property, but that the same is held for the benefit of the said Anthony Yorks; and deponent seeks among other things to recover the same by this action."

Upon this affidavit the county judge made an order reciting that it appeared to his satisfaction that a cause of action existed against Cook, in equity, and that service of the summons and complaint upon him could not be obtained in this state, and directing that the summons be served on him by the publication thereof once in each week for six weeks, in

the newspaper printed in the county of Livingston called the "Livingston Republican," and also in the newspaper printed in said county, called "The Constitution;" and that a copy of the summons and complaint be deposited in the post office, addressed to the defendant at York, Medina county, Ohio.

Publication was never made, but a summons and complaint purporting to be copies were afterwards served upon Cook personally, in the state of Ohio. Cook moved this court, at a special term held in Monroe county, in February, 1863, to set aside the order, and for other relief, upon the ground that the affidavit on which it was granted was insufficient. The court granted the motion, and the plaintiff appealed.

*J. Franklin Peck,* appellant, in person.

*Geo. F. Danforth,* for the respondent.

*By the Court,* JAMES C. SMITH, J. Upon every application for an order that the service of a summons may be made by publication, pursuant to the provisions of section 135 of the code, the applicant must not only show that the case falls within some one of the five subdivisions of that section, but he must also establish the central jurisdictional fact that the person on whom the service of the summons is to be made cannot, *after due diligence, be found* within the state. The circumstance that such person is a non-resident is of no importance except as it tends to establish the fact that he is not within the state at the time when the application is made. It is not necessary to inquire, in the case before us, whether the bare averment of non-residence, nothing else appearing in respect to the whereabouts of the defendant, is enough to establish the requisite fact of his absence from the state. The affidavit upon which the order in question was made, in addition to averring that Cook, the defendant in respect to

whom the order was asked for, "is not a resident of this state," "but his residence is in the township of York in the state of Ohio," alleged also that "he frequently visits the county of Livingston," in this state, "and pretends to own and hold a valuable house and lot in Lima," in said county. These facts, it seems to me, preclude the presumption that Cook could not by due diligence have been found within this state, even if that presumption would have arisen upon the other averments in the affidavit, standing alone. It was essential to the jurisdiction of the officer that the plaintiff should go further, and make it appear satisfactorily that due diligence had been used, unsuccessfully, to find Cook within this state. The plaintiff attempted to do this, but in that respect he clearly came short of the requirements of the statute. His affidvait, which was sworn to on the 11th of January, 1862, alleged as follows: "That deponent placed a copy of the summons" &c. "in the hands of a deputy sheriff of the county of Livingston, with directions to serve the same on said Cook, on or about the 25th of November, 1861; but this deponent is *informed* by said deputy that with all diligence he has been unable to find said Cook, and deponent verily *believes* that it will be impossible to obtain due service upon said Cook in this state." This averment, as to the inability of the officer to find the defendant, is defective in two respects. (1.) It is stated by the plaintiff on *information and belief,* and no reason is shown for not producing the affidavit of the deputy from whom the information was derived. (2.) It states no *facts* tending to show that the deputy had used any diligence whatever. The question whether the attempt to make personal service has been duly diligent, is to be decided by the judge, and not by the person making the attempt. Every *fact* alleged in the affidavit may be literally true, and yet the defendant have been openly and notoriously in the county of Livingston, while the summons was in the hands of the sheriff. To hold the affidavit sufficient would open the door for great abuses under the statute

in question, which being in derogation of the general rule of law requiring personal service of process, is to be construed strictly.

The plaintiff is not aided by the fact that after the order for publication was made, the summons and complaint were served upon Cook personally, in Ohio. It has been considered well settled law that jurisdiction of the *person* of a defendant could not be obtained by any court, except by his voluntary appearance, or by due service of process; and that effectual service of process could not be made on any person beyond the jurisdiction of the court out of which the process issued. (*Fiske* v. *Anderson*, 33 *Barb.* 71. *Fenton* v. *Garlick*, 8 *John.* 194. *Andrews* v. *Herriot*, 4 *Cowen*, 524, *in note.*) By the section of the code above referred to, personal service of summons and complaint out of this state is only made equivalent to publication and deposit in the post office, and it can have no greater effect. (*Fiske* v. *Anderson*, *supra.*) And it can only have that effect when *publication is ordered.*

These views are not in conflict with any of the cases cited by the plaintiff, to wit, *Brisbane* v. *Peabody*, (3 *How. Pr. Rep.* 109;) *Rawdon* v. *Corbin*, (*Id.* 416;) *Vernam* v. *Holbrook*, (5 *id.* 3;) *Roche* v. *Ward*, (7 *id.* 416;) *Titus* v. *Relyea*, (16 *id.* 371;) and *Van Wyck* v. *Hardy*, (11 *Ab. Pr. Rep.* 473.) *Brisbane* v. *Peabody* has no bearing upon the questions in this case. *Rawdon* v. *Corwin* is an authority against the plaintiff. There a motion for an order of publication was *denied* by Justice Hand, although the affidavit showed the *absence* of the defendant, (not his nonresidence merely,) but it did not show that a summons had been made out, nor that there had been an effort to serve one. The judge said "The affidavit is defective. It should show that a summons and complaint have been made out, and that *due diligence to serve the same has been used, without success.*" After thus disposing of the motion, he remarked, "Probably, showing that the defendant *is not in the state,*

would be sufficient, for that shows there can be no service within the state." This is a mere *dictum;* but giving it the force of authority, it does not militate against the positions here taken, for the reason already stated in respect to the contents of the affidavit in this case, and for the further reason that showing that the defendant "is not in the state," is essentially different from a bare statement that his *place of residence* is without the state. *Vernam* v. *Holbrook* was decided by Parker, J. at special term, in 1850, upon the strength of the *dictum* of Justice Hand in *Rawdon* v. *Corwin*. It does not appear from the report of the case of *Roche* v. *Ward* what the affidavit in that case stated, but it is to be inferred from the opinion of the judge that it contained *some* evidence of all the essential facts, although "slight" in some particulars. If there was *no* evidence of a fact necessary to the jurisdiction, the decision was manifestly wrong, as a judge cannot acquire jurisdiction simply by deciding that he has it. In *Titus* v. *Relyea,* a special term order denying a motion to set aside a judgment was *reversed* at general term; the points herein discussed did not arise; and there is nothing in the case bearing upon them, except a *dictum* which fell from the judge who delivered the opinion, without any authority cited to support it. The ruling in *Van Wyck* v. *Hardy,* at general term in the first district, ought not to be extended beyond the facts of that case. It was made by a divided court; the learned judge who pronounced the prevailing opinion declared that he adopted his conclusion "with some hesitation;" and he placed stress upon several considerations stated in his opinion, which were somewhat peculiar in their character, and do not arise in the case before us.

Order of the special term affirmed, with $10 costs.

[MONROE GENERAL TERM, September 7, 1868. *E. Darwin Smith, Johnson* and *J. C. Smith,* Justices.]