6  285
25ap292

GEORGE H. WOOSTER, RESPONDENT, *v.* RUSSELL SAGE, APPELLANT.

*Sale of bonds — agreement to repurchase — statute of frauds.*

The defendant sold two bonds to the plaintiff, making certain representations as to their value, and agreeing that if at any time the plaintiff got sick of the bonds he might redeliver them to the defendant, who would refund the purchase-money. Two years afterward the plaintiff tendered the bonds to the defendant and demanded the purchase-money, and upon defendant's failure to pay the same, brought this action to recover it. *Held,* that the agreement to.refund

the purchase-money was not affected by the statute of frauds, as the contract was taken out of the statute by the delivery and receiving of the property and payment of the price.

After the plaintiff had purchased the bonds he sold them to other persons, upon the same condition as to their repurchase by him, and, upon their request, took them back and refunded the price received for them. *Held*, that the defendant's agreement was not affected by the sale.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions, in an action to recover the purchase-price of two bonds purchased by plaintiff from defendant under an agreement that the plaintiff should have the privilege of returning the bonds and receiving the purchase-price thereof.

*F. N. Bangs*, for the appellant. A contract of sale or return is not a contract of sale and repurchase. The seller does not agree to buy a new title to the article contracted for; the buyer does not bind himself to resell and reconvey (with an implied warranty of title or otherwise). The contract is strictly a contract of rescission at the option of the buyer. (*Lord* v. *Kinney*, 13 Johns., 219; *Blanchard* v. *Trim*, 38 N. Y., 225; *Taylor* v. *Tilottson*, 16 Wend., 493.) The title becomes absolute, and the purchaser becomes liable for the price, (if he has not paid it), by his simple omission to avail himself of the privilege of rescinding the sale, and annulling the contract at the time specified, if a time has been agreed upon; or by his omitting so to do within a reasonable time, if no time has been agreed upon; or by his asserting a dominion or control over the property; or if it has passed into the hands of third persons, or been attached by creditors; or if the property is injured or depreciated while in the hands of the vendee; or if it is kept by the vendee away from the vendor, and out of his reach. And if the vendee has paid the price, he forfeits his option by the same means, and no right of action accrues to him. (*Bailey* v. *Goldsmith*, Peake's N. P., 56; *Neat* v. *Ball*, 2 East, 117; *Holbrook* v. *Armstrong*, 1 Fairf., 31; *Taylor* v. *Tillotson*, 16 Wend., 493; *Bianchi* v. *Nash*, 1 M. & W., 545; *Beverly* v. *Gas-light Co.*, 6 Ad. & E., 829; *White* v. *Perley*, 15 Maine, 470; *Dearborn* v. *Turner*, 16 id., 17; *Buswell* v. *Bicknell*, 17 id., 344; *Perkins* v. *Douglass*, 20 id., 317; *Moss* v. *Sweet*, 3 Eng. L. and E., 311.)

*De Witt Stafford*, for the respondent. The statute of frauds does not affect the case. (*White* v. *Knapp*, 47 Barb., 551; *Blanchard* v. *Trim*, 38 N. Y., 225.) Whether the original contract was within the statute when made is of no consequence. It was completed by both parties and taken out of the statute. (*McKnight* v. *Dunlop*, 5 N. Y., 537; *Sprague* v. *Blake*, 20 Wend., 61; *Bissell* v. *Malcom*, 30 N. Y., 275; *Allis* v. *Read*, 45 id., 142.) Nor can it be said that it was not a contract to be performed within a year, for it might have been performed at any time, and such contracts are not within the statute. (*Moore* v. *Fox*, 10 Johns., 244; *McLees* v. *Hale*, 10 Wend., 426; *Plimpton* v. *Curtis*, 15 Wend., 336; *Archer* v. *Zeb*, 5 Hill, 200.) And the contract was not void for want of mutuality and consideration. (*Eno* v. *Woodward*, 4 Comst., 249, *supra*.) Plaintiff had a right by the contract to return the bonds, and this action was well brought for the whole purchase-money. (*Dustan* v. *McAndrew*, 44 N. Y., 72; *George* v. *Brader*, 70 Penn. St., 56; *Bement* v. *Smith*, 15 Wend., 493; *Shannon* v. *Comstock*, 21 id., 460, 461; *Slade* v. *Morley*, 4 Coke, 92 *b*; *Orr* v. *Bigelow*, 14 N. Y., 556; Sedg. on Dam., 282, 283; *Eno* v. *Woodward*, 4 Comst., 249, *supra*; *Giles* v. *Bradley*, 2 Johns. Ch., 253, *supra*, and other cases cited.)

TALCOTT, J.:

This is an appeal from the judgment, and from an order of the Special Term denying a new trial. The plaintiff purchased from the defendant, in March, 1870, for the sum of $1,800, two bonds of the "Des Moines Valley R. R. Co.," of the par value of $1,000 each, after certain representations of the defendant touching the value thereof, and upon the agreement by the defendant, that if at any time the plaintiff got sick of the bonds, he might redeliver them to the defendant who would return the purchase-money. The plaintiff immediately sold the bonds to two ladies, one to each, for the same price which he had given the defendant, and upon a statement to them of the representations which the defendant made concerning the bonds, and upon the same agreement to take them back if, and when, they should become dissatisfied with the bonds. The ladies held the bonds for nearly two years, and becoming dissatisfied, returned them to the plaintiff, who, in some manner

reimbursed them for the amounts which they had paid, then took the bonds to the defendant, offered to return them and demanded a return of the purchase-money. The defendant insisted, that the sale of the bonds by the plaintiff to the ladies, put an end to the right of the plaintiff to return to the defendant. But the court ruled that the fact was immaterial. The defendant also claimed, that the contract to receive the bonds back was void by the statute of frauds; also, that no damages were alleged or proved, and that the plaintiff was at most entitled to recover only nominal damages, and that the complaint did not state facts sufficient to maintain an action. The plaintiff recovered on the trial, and the above is understood to be the substance of the legal objections to the recovery, which were made on the trial by the defendant, although they were stated in various forms. We do not think any of these objections were well taken. We understand the rule to be, that such a contract, being taken out of the statute by having been consummated by the delivery and receipt of the property and the payment of the price, the statute has no application to it. In *White* v. *Knapp* (47 Barb., 549), where the plaintiff in a similar action had been nonsuited on the ground of the statute of frauds, the nonsuit was set aside on the ground, that the statute formed no objection to the recovery. It was held in *Eno* v. *Woodworth* (4 Comst., 249), that in such a case an action lay on the agreement, to recover back the purchase-money, and the plaintiff was not required to sue for damages for breach of the contract; and also that, since the Code, it was proper to state the facts and circumstances of the case, instead of suing for money had and received. (See, also, *George* v. *Braden*, 70 Penn. St., 56.) We do not think that the right of the plaintiff to return the bonds was divested by the circumstance that he made a sale of them to other parties on the same condition. If there had been any option or right of election to be exercised by the defendant, the disposition of the bonds by the plaintiff might have discharged the defendant from liability, inasmuch as it would have put it out of the power of the defendant to reclaim the bonds during the time they were held by the third parties, but since the option was vested solely in the plaintiff we do not see how the defendant could have been injured, or his rights in any way impaired by the temporary ownership of

the third parties. There were various communications concerning the bonds, and their value and the probabilities and prospects in regard to them, passing between the plaintiff and the defendant, from a period soon after the plaintiff's purchase, and it is claimed that the defendant treated the matter in such a way as to amount to a waiver, or furnish evidence of a waiver of an earlier exercise of the plaintiff's option to return. It is argued that the right to return had ceased to be operative, upon the ground that there was no attempt to exercise that right within a reasonable time. This, as it seems to us, might have been an important point, either as a question of law or fact, to be determined in the case, but we fail to discover that any such objection was taken on the trial, or that the attention of the court was in any manner called to the question, whether, the offer of a redelivery of the bonds and a demand for a return of the purchase-money was made within a reasonable time, or that any ruling of the court was made in reference to it. The defendant's counsel, in his points on the argument of this appeal, claims that one of the objections to the recovery was, that the offer to return the bonds was not made within a reasonable time, but from a careful examination of the case we are compelled to consider this a mistake. If the objection had been distinctly taken on the trial, or the attention of the court in any manner called to it, perhaps additional proof on the subject might have appeared. (*Henry v. Salina Bank*, 1 N. Y., 83.)

It appears that from each of the bonds two coupons are missing, namely, one falling due on each bond October 1, 1870, for forty dollars, and one for the same amount from each bond falling due April 1, 1871. This appears to have escaped attention on the trial, and no point was made on this account. It is, however, agreed that the amount of such coupons, with interest to the date of the judgment, ought to be deducted from the judgment. This appears to amount to the sum of $211.20, which amount will be deducted from the judgment, which must be affirmed for the residue.

Order denying new trial affirmed, and judgment affirmed, less the sum of $211.20 to be deducted therefrom.

Present — TAPPEN and TALCOTT, JJ.

Judgment, and order denying new trial, affirmed, with the modification reducing the judgment by the sum of $211.20, with costs to respondent.