(33 Misc. Rep. 577.)

## TRAVIS v. RAILWAY EDUCATIONAL ASS'N.

(Supreme Court, Special Term, New York County. January, 1901.)

ATTACHMENT—SERVICE—INSUFFICIENT—STATUTES.

Code Civ. Proc. § 432, requires that personal service of summons must be made on a foreign corporation within the state by leaving a copy with the president, treasurer, or secretary, but, if such officer cannot be found "with due diligence," and the corporation has property within the state. then the service may be made on a managing agent of the corporation within the state. *Held*, that a service of summons made on a managing agent of a foreign corporation having property in the state was void where the president of the corporation resided in the state, and the officer making the service made no effort to serve either the president or treasurer of the corporation, who were within the state; hence a warrant of attachment based thereon should be vacated.

Attachment by Judson C. Travis against the Railway Educational Association. Application to vacate the warrant. Application granted.

Kenneson, Crain, Emley & Rubino (Henry A. Rubino, of counsel), for the motion.

Theodore Prince, opposed.

BLANCHARD, J. This is an application to vacate a warrant of attachment because of the failure of plaintiff to effect a proper service of the summons upon defendant within 30 days from the granting of the attachment, as is provided by section 638 of the Code. The principal indebtedness in suit represents the assigned claim of one Edwin L. Scott, his claim being about $1,300 out of $1,500 involved. The attachment appears to have been granted on or about October 13, 1900, and issued to the sheriff on or about October 15, 1900. Plaintiff claims that a proper service was made on said Edwin L. Scott, the assignor of the major portion of the claim in suit, who was, at the time service was made, October 15, 1900, the managing agent of the defendant. The defendant being a foreign corporation, a proper service upon a managing agent thereof could only be made in a case where no person was designated to receive service, as is the case here, where none of the officers of the corporation could be found within the state with due diligence. Code Civ. Proc. § 432. It does not appear upon this application that due diligence was exercised by the plaintiff to effect service upon an officer, as, immediately upon securing his at-

tachment, he made service of the summons upon said Edwin L. Scott, and never made any other effort or took any other steps to secure a proper service. It appears that at the time of the service of the summons upon Scott, as managing agent, the president of the company, a man of some prominence, was a resident of the state, and that he was continuously a resident and within the state for 30 days thereafter, and that the secretary and treasurer of the company, while temporarily absent from the state at the time service was effected, was within the state, to the knowledge of the parties interested in sustaining the attachment, shortly after the issuing thereof, and that he remained here for some time. It does not appear that any effort whatever was made to serve the president of defendant, nor that due diligence was exercised by plaintiff. The mere statement of plaintiff that due diligence was exercised is insufficient. It is simply a conclusion, and can have no weight. Bixby v. Smith, 3 Hun, 60; Putnam v. Griffin, 19 Wkly. Dig. 46; Peck v. Cook, 41 Barb. 549. It follows that the warrant of attachment must be vacated, with $10 costs.

Warrant of attachment vacated, with $10 costs.