## THE STATE OF NORTH DAKOTA ON THE RELATION OF THE SECURITY BANK OF KNOX, a Domestic Corporation v. CHARLES W. BUTTZ, Acting Judge of the Second Judicial District of the State of North Dakota, and the District Court of the County of Benson.

'(131 N. W. 241.)

**Mortgages — Enjoining Foreclosure — Words and Phrases — "Mortgagor."**
    1. The word "mortgagor" as used in § 7454, Revised Codes 1905, relative to enjoining real estate mortgage foreclosure sales, includes those persons in privity to and claiming under the mortgagor.

**Mortgages — Subsequent Mortgagee May Enjoin Foreclosure.**
    2. A subsequent mortgagee may make the necessary affidavit and enjoin the sale.

**Mortgages — Enjoining Foreclosure — Sufficiency of Affidavit.**
    3. The affidavit upon which the restraining order is based should set forth the facts, for the satisfaction of the judge of the district court; but the facts need not be stated with the same particularity required of pleadings. The affidavit in this case examined, and *held*, sufficient to confer jurisdiction.

Opinion filed May 10, 1911.

Certiorari to District Court, Benson county; *Buttz*, Judge.

Certiorari by the state, on the relation of the Security Bank of Knox, against Charles W. Buttz, acting judge of the Second Judicial District, and another.

Writ quashed.

*Stuart & Comstock,* for petitioners.

*Torger Sinness,* for respondent.

BURKE, J. Relator brings certiorari to test the jurisdiction of the district court of Benson County North Dakota, to enjoin a real estate mortgage foreclosure sale by advertisement. Two grounds are urged against the jurisdiction of the lower court: First, that the affidavit upon which the restraining order is based was made by a subsequent mortgagee, and not by the mortgagor, his agent, or attorney, and second, that said affidavit is not sufficient to confer jurisdiction, because it states conclusions of law instead of facts.

It will be noted in the beginning that this writ is merely to determine whether or not the lower court had jurisdiction of the matters before it, and not to review its rulings from a discretionary standpoint. If the lower court had jurisdiction, we are not concerned at this time with the wisdom of its rulings. Keeping this in mind, we hold that the affidavit was not subject to attack upon either of the above-mentioned grounds, and that the trial court had jurisdiction.

While it is true § 7454, Revised Codes 1905, mentions only the mortgagor, his agent, or attorney, we feel that the legislative intent was to provide relief in cases where injustice would be done to the mortgaged estate if a sale by advertisement were to proceed, and that the affidavit might be made by anyone having an interest in the premises holding in privity to and under the mortgagor. This view was taken by this court in the case of Scott v. District Ct. 15 N. D. 259, 107 N. W. 61, and the reasons given in the opinion in said case seem sound to us, and will be followed.

The affidavit is not subject to attack upon the other ground mentioned,—that conclusions of law, and not facts, are therein cited. The affidavit sets forth that the mortgagee is foreclosing by advertisement, and that the subsequent mortgagee is interested as such and has a defense to the debt secured by the mortgage about to be foreclosed. That in the notice of sale "about $500 more is claimed due upon said mortgage than is actually due upon said mortgage." We think the affiant has stated an ultimate fact, to wit: That the mortgagor is attempting to collect an overcharge of $500 upon his mortgage. He need not plead his evidence. It nowhere appears that affiant knew any facts regarding the overcharge excepting those stated. Facts very similar to those in this case were before this court in the case of McCann v. Mortgage, Bank & Invest. Co. 3 N. D. 172, 54 N. W. 1026, and Judge Wallin held the affidavit sufficient, and used the following language: "It sufficiently appeared by the affidavit that the mortgagee had instituted foreclosure proceedings by advertisement, and also that the mortgagor had a 'valid defense' against the collection of the whole of the 'amount claimed to be due on such mortgage.' These general averments, if satisfactory to the judge who made the order, would be alone sufficient to authorize the judge at his discretion to make the order. . . . The proceeding is wholly statutory, and there is no requirement that the affidavit made on behalf of the mortgagor shall be couched

in any specific terms, nor that it shall be framed under the strict rules, governing the pleader in framing the pleadings in an action. All that is required is that the facts enumerated in the statute shall be set out, in the affidavit, in such manner and form as will satisfy the judge to whom the affidavit is presented. . . . We think the statute is not intended to be mandatory, but is, on the contrary, intended to clothe the judge of the district court with a pure discretion, which, unless, abused, cannot be reviewed in an appellate court."

It is clear from the above reasoning that the affidavit in the case at. bar, while subject to criticism, is sufficient to confer jurisdiction upon the trial judge, and the writ of certiorari is hereby dissolved.

SPALDING, J., dissenting in part.

SPALDING, J., dissenting: I cannot assent to the holding that the affidavit on which the judge of the district court based his order staying, the foreclosure sale advertised, and directing that all further proceedings, if any, be had by action, was sufficient to confer jurisdiction to make such order. Section 7454, Rev. Codes 1905, was enacted by the territorial legislature in 1883, and provides that "when the mortgagee or his assignee has commenced proceedings for the foreclosure of a mortgage by advertisement, and it shall be made to appear by the affidavit of the mortgagor, his agent, or attorney, to the satisfaction of a judge of the district court of the county where the mortgaged property is situated, that the mortgagor has a legal counterclaim, or any other valid defense, against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may, by an order to that effect, enjoin, etc." Our legislature has done away with the distinction between a judge and a court. It seems to me that when, the legislature provides a new method of procedure, and, in the enactment providing it, copies almost verbatim the language of a statute relating to another proceeding, in stating what is necessary to give the court jurisdiction, and when the latter statute has received a uniform and well understood construction in many states, and particularly in our own, it may be inferred with some degree of certainty that the construction followed, as to the meaning and effect of the older statute, should apply to the later enactment. It must be borne in mind that under our procedure for the foreclosure of mortgages by advertisement, no provision, aside from this section, brings into action the powers of

the district, or any other, court. It is a proceeding entirely outside the judicial department of the state. If a court is to take jurisdiction in. the premises, and stay proceedings, its action must rest upon some specific act giving it jurisdiction of the subject-matter at least. It is. clear that the affidavit provided for in § 7454, supra, if that section is a valid enactment, which question is not here raised, and never has. been in this court, must be the foundation of the court's jurisdiction to make the order enjoining the sale pursuant to the advertisement. It. is the only basis provided for the action of the court, and the very pur- pose of it is to give the court jurisdiction to make the order, and with- out such jurisdiction the court has no power to make such order, and,. if made, it is invalid. That the language of § 7454, supra, was taken from § 104 of the 1877 Code of Civil Procedure, is apparent by a com- parison. Sec. 104 of that Code provided for courts acquiring juris- diction in certain cases by the publication of a summons, and, so far as necessary to our consideration, reads: "Where the person on whom the service of the summons is to be made cannot, after due diligence,. be found within the territory, and that fact appears by affidavit to the satisfaction of the court, or a judge thereof, and it in like manner ap- pears that a cause of action exists, . . . such court or judge may grant an order that the service be made by the publication of a sum- mons . . ." In § 7454 we find: "And it shall be made to appear by the affidavit of . . . to the satisfaction of a judge of the dis- trict court, . . . that the mortgagor has a legal counterclaim or any other valid defense. . . ." The only difference in the re- quirement is that one reads, "shall be made to appear," and the other, "that fact appears." The language in § 104 has been construed re- peatedly by this court, and by the courts of other states having the same or similar provisions, and the uniform holding has been that the lan- guage of the provision requires the statement of facts in the affidavit, on which the mind of the judge or court act, and from which he can draw a legal conclusion; that statements of conclusions of law are in- adequate to confer jurisdiction on the court to make the order of pub- lication; and that without the statement of such facts no jurisdiction is. acquired, and a judgment based thereon, in the absence of personal serv- ice, or an appearance, is void. The attention of the bar was first called' to this in territorial days, by remarks and an opinion by Judge Shan- non, of the territorial supreme court, in 1 Dak. 500. The correctness.

of his opinion in that instance has, so far as I know, never been questioned, and certainly has been uniformly followed by the territorial and state courts. See Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708. The opinion in the last-named case was written by Judge Fisk, then a district judge, sitting on this bench, and contains a clear discussion of the subject.

In the case at bar the only allegation of facts attempted to confer jurisdiction on the court to make the order as relates to the defense or counterclaim is "that the said mortgagor has a defense and counterclaim to the mortgage now being foreclosed, . . . in that in the notice about $500 more is claimed due upon said mortgage than is actually due thereon." It contains no allegations of fact either probative or ultimate, on which this conclusion as to the excessive amount claimed is based. That an allegation as to the amount due or not due is merely a conclusion of law, there can be no question. That is elementary. Even in Ohio, where the common counts are sustained, it is held that an affirmation that there is a certain amount due from the defendant to the plaintiff, without stating for what, or showing grounds of liability, is not good for anything. Moorman v. Schmidt, 69 Ohio St. 328, 69 N. E. 617.

Every reason requiring a statement of facts showing a cause of action, or the grounds for the publication of a summons under § 104, supra, applies to the procedure in the case at bar, and with increased force. The proceeding in this case is made without notice, and the sale stopped, with no opportunity on the part of the party foreclosing to protect himself; in fact the courts hold that counter affidavits, even if he has notice, cannot be received or considered. It is not a question of trying the merits of the defense or counterclaim, but the question is, Does the affidavit state facts which, taken at their face, constitute a defense or counterclaim. If it does not, then the court acquires no jurisdiction to issue the order restraining the sale.

I cannot concur with my associates in their conclusions that the case of McCann v. Mortgage, Bank & Invest. Co. 3 N. D. 172, 54 N. W. 1026, is any authority whatever for sustaining the action of the district court in the case at bar. In the first place, the majority opinion omits the sentence of the opinion in the McCann Case on which the decision of this court was based. The quotation stops when it reaches

the material part of the opinion, which reads: "But the affidavit goes into detail and sets out specific facts which tend to show that the sum claimed to be due upon the mortgage was claimed as interest, and that no interest was due upon the note secured by the mortgage in question." From this quotation it will be seen that the affidavit under consideration in that case was materially unlike the one we are considering, in that it did state the facts, showing on the face of the statement a defense to the foreclosure proceedings. The majority opinion in its quotation omits a further phase which is vital, wherein it was said, all that is required is that "the facts enumerated in the statute shall be set out in the affidavit in such manner and form as will satisfy the judge to whom the affidavit is presented." Therein it was expressly held that it is required that the facts be enumerated, and that is the particular in which, in the case at bar, the affidavit is fatally defective; it enumerates no facts. Much that is said in the opinion in the McCann Case is clearly *obiter*. It is possible that the writ applied for in the instant case should be denied on the ground that the applicant possesses another speedy and adequate remedy, but, as this is not discussed in the majority opinion, I pass it. I maintain that the requirement that the mortgagee or his assignee state, in his affidavit, the facts showing a defense or counterclaim, presents no difficulty, and works no hardship. If he has any such facts, he knows what they are and can state them in a plain and simple manner, devoid of legal terminology or phraseology, and it will answer every purpose. If he fails to state them, the judge can call his attention to that fact, and he can amend his affidavit, if able to do so, and if not, secure counsel. In my judgment, the granting or refusing of the order restraining the sale is not a discretionary matter with the judge; but when the affidavit states the necessary facts showing on their face that a defense or counterclaim exists, it is his duty to grant the order, and it is equally his duty to refuse it, unless such showing is made prima facie.

In Victor Mill. & Min. Co. v. Justice Ct. 18 Nev. 21, 1 Pac. 831, the supreme court of that state had under consideration the provisions of a statute identical with § 104 of our 1877 Code, and an affidavit for the publication of a summons in which the attempted statement of the cause of action was as follows: "That said action is brought to recover $273 due from the defendant to the plaintiff on account for work and labor done for defendant at Candelaria, Nevada, between March

21 N. D.—35.

15th, 1879, and March 15th, 1880, a voucher or statement of which is. attached to my complaint herein; and interest on the same sum." And that court held that this statement was simply a legal conclusion, even though it was based on an unverified complaint stating a cause of action, and filed in the action; and that an affidavit which merely repeats the language of the statute or its substance is not sufficient, but that the ultimate facts of the statute must be proven by the affidavit by showing: the probative facts upon which the ultimate facts depended, and that it is not sufficient for the order to state that the ultimate facts appear to the satisfaction of the court, but that they must be sustained by the probative facts stated in the affidavit, and that they must be sufficient to justify the court in being satisfied of the existence of the ultimate facts required by the statute before it has jurisdiction to make its order.

The 1858 statutes of Wisconsin required that it should appear by affidavit that a cause of action exists against the defendant in respect. to whom service is to be made, and it was held in Slocum v. Slocum, 17 Wis. 150, that an affidavit for service which stated that the action was. for an account between the parties, and to remove a cloud upon plaintiff's title to real estate which the defendant claims to hold under a. marshal's sale of execution, while the plaintiff claims that the execution debt was fully paid before the sale, did not show a cause of action; that the officer to whom application for the order of publication is. made must be satisfied from the facts set out that a cause of action exists; that the ultimate facts required by the statute must be proven by showing probative facts upon which each ultimate fact depends; that, it is not sufficient to state that plaintiff has a good cause of action against the defendant, but the fact should be set out which shows the existence of the cause of action; and that to allow a bald repetition of the language of the statute to take the place of the facts which constitute the conditions under which it is to appear is to strip the court or judge to whom application is made of all judicial functions, and allow the party himself to determine in his own way the existence of jurisdictional facts,—a process too dangerous to the rights of defendants to admit of judicial toleration. Ricketson v. Richardson, 26 Cal. 149; Fiske v. Anderson, 33 Barb. 71; Peck v. Cook, 41 Barb. 549. Some authorities hold that, where the order recites the jurisdictional facts, it cures such defects in the affidavit. I think such holdings are

usually, if not universally, made upon a statutory provision to that effect, but we find in the order made in the instant case no recitations whatever; it simply recites that it was made upon the affidavit annexed. See also Bacon v. Johnson, 110 N. C. 114, 14 S. E. 508; Forbes v. Hyde, 31 Cal. 342; Neff v. Pennoyer, 3 Sawy. 274, Fed. Cas. No. 10,083. I am of the opinion that neither the judge nor the court acquired jurisdiction to make the order complained of.