ALBANY,
August, 1811.

FENTON
v.
GARLICK.

---

FENTON, Administrator of RAMSDALL, *against* GARLICK, Trustee of GARLICK.

A suit was commenced in 1803, in the state of *Vermont*, against A. as *trustee* of B. an absconding debtor, and in 1808, judgment was given against B. It having appeared that A. had moneys of B. more than sufficient to pay the plaintiff, it was ordered that the plaintiff should have execution against the goods, &c. of B. in the hands of A. But A. had, in 1806, removed to this state, where he had continued to reside, so that the execution was returned unsatisfied; and the court thereupon granted a rule on A. to show cause why the plaintiff should not have execution against him, of his own proper goods, &c. which rule was served on A. in this state, being an inhabitant thereof; and he not appearing to show cause, a judgment was given against him, by the court in *Vermont*, for the whole of the debt, and execution awarded against his own estate. On this judgment against A. the plaintiff brought an action of debt in this state; and it was held, that to warrant the judgment against A. in his own person or property, there should have been a new suit against him, or a personal summons or notice, in the nature of a *scire facias*; and that the service of a rule to show cause upon him, in this state, being void, there was nothing to warrant the judgment, and that no action could be sustained upon it here.

THIS was an action of debt on a judgment obtained in the state of *Vermont*. From an authenticated copy of the record of the proceedings in *Vermont*, it appeared, that *Ramsdall*, in *September*, 1803, brought an action in the county court of *Addison* county, against *Seth Garlick*, as trustee of *Samuel Garlick*, an absconding or concealed debtor, for 77 dollars and 15 cents, of debt, on a judgment obtained by *Ramsdall* against *Samuel Garlick*, in *March*, 1803, alleging that *Seth Garlick* had in his possession money, goods, chattels, rights and credits of *Samuel Garlick*, to the value of 300 dollars ; and the said *Seth Garlick* appeared, and being sworn and interrogated, answered that he gave a note to *Samuel Garlick* for 600 dollars, which was still due, dated 1st of *November*, 1802, payable in 5 years from the date, with interest; and the court, therefore, adjudged that the said *Seth* had moneys of the said *Samuel* in his hands, to the amount of

ALBANY,
August, 1811.

FENTON
v.
GARLICK

six hundred dollars, payable on the 1st of *November*, 1807; and the said *Samuel* not appearing, the cause was, by order of the court, continued from term to term, until *August* term, 1807, when the plaintiff and the said *Seth* appeared, by their attorneys ; but the said *Samuel* not appearing, notice was ordered to be given to him to appear at the next term of the court in *February*, 1808, by publishing the declaration and copy of the order, for three weeks successively, in the gazette printed at *Middlebury*, in the county of *Addison*.

At the term of *February*, 1808, *Fenton* appeared and informed the court, that *Ramsdall* had died, since the last continuance, and that he, the said *Fenton*, had been duly appointed his administrator, and prayed for leave to enter and prosecute the action as administrator, which was granted by the court. *Seth Garlick* also appeared, by attorney, and the plaintiff proved the service of the notice to *Samuel Garlick* to appear, by a due publication thereof in the gazette, pursuant to the order of the court : and *Samuel Garlick* having been called, did not appear, but made default ; on which the court gave judgment, that the plaintiff recover against the said *Samuel Garlick* his debt, and also his damages to 23 dollars and 39 cents, and costs, taxed at 32 dollars and 75 cents; and the court not being advised, as to the moneys of the said *Samuel*, in the hands of the said *Seth Garlick*, the cause was continued, without costs, to the said *Seth*, until *August* term, 1808, at which term the plaintiff and the said *Seth* appeared, by their attorneys; and it was ordered by the court, that the plaintiff, administrator, &c. have his execution for his debt, damages and costs, against the goods and chattels of the said *Samuel*, in the hands of the said *Seth*, after the 1st of *November*, 1808. On this judgment a writ of execution was issued, in *February*, 1809, on which the sheriff returned that he went to the usual place of abode of the said *Seth Garlick*, and made demand of the goods, &c. of the said *Samuel Garlick*,

ALBANY,
August, 1811.

FENTON
v.
GARLICK.

on which to levy and satisfy the said execution, but no goods, &c. were shown, nor were any found by him in his precincts, &c. and therefore he returned the execution wholly unsatisfied.

The court thereupon, on motion of the plaintiff, granted a rule on the said *Seth Garlick* to appear at the next term, and show cause, if any he had, why an execution should not issue on the said judgment against the said *Seth*, and his own proper goods, chattels and estate, &c.

At the next term, in *August*, 1809, the plaintiff appeared, and showed, by affidavit, that the said rule had been duly served on the said *Seth Garlick*, who, being thereupon called, did not appear and show cause, &c. but made default; whereupon the said court adjudged that the plaintiff should recover of the said *Seth Garlick* the amount of the said judgment rendered against the said *Samuel*, being 133 dollars and 29 cents, and also 12 dollars and 90 cents costs of suit, and that the plaintiff should have his execution against the said *Seth*, his own proper goods, chattels and estate, &c.

The cause was tried at the *Montgomery* circuit, in *October*, 1810, before Mr. Justice *Spencer*. It was proved that the defendant, *Seth Garlick*, named in the record, had resided in this state, since the year 1806, and that the rule to show cause mentioned in the record, on the affidavit of the service of which the judgment in *Vermont* was rendered against him and his own estate, was served upon him *in this state*, in *June*, 1809, he being then an inhabitant of this state, and residing in the county of *Chenango;* though when the proceedings were *commenced* against him, as trustee of *Samuel Garlick*, he resided in *Vermont*.

A verdict was taken for the plaintiff, for 184 dollars and 84 cents debt; and 10 dollars and 87 cents damages, subject to the opinion of this court on a case containing the above facts; and it was agreed, that if the court should

be of opinion that the plaintiff was not entitled to reco-
ver, there should be a judgment of nonsuit.

The cause was submitted to the court, without argu-
ment.

*Per Curiam.* This was an action of debt on a judg-
ment obtained in *Vermont* against the defendant, as trus-
tee of *Samuel Garlick.* The judgment was in the nature
of one founded on the suggestion of a *devastavit* com-
mitted by the defendant, in the character of trustee, and
against such a charge he was entitled to be heard. The
mere fact of his having formerly had *assets* or moneys of
*Samuel Garlick* in his hands, was not sufficient to autho-
rize a judgment against his own property, in his indivi-
dual capacity, until opportunity had been given to him to
show in what manner he had disposed of those *assets.*
This opportunity he has never had; for, at the time he
was called upon to show cause, by a rule in the nature of
a writ of *scire facias*, he resided in this state, and the
service of that rule upon him, while within this state,
(which fact was admitted,) was void, not only upon gene-
ral principles, but by the express words of our statute,
passed the 10th of *August*, 1798. (Sess. 22. c. 3.) The
judgment consequent upon such a service cannot be re-
garded by this court as the ground of a suit; nor will
an action be sustained upon a judgment obtained in
another state against an inhabitant of this state, without
any personal summons or service of process. This was
so decided in *Kilburn* v. *Woodworth*, (5 *Johns. Rep.*
37.) and in *Robinson* v. *Executors of Ward.* (*Ante*, 86.)
The proceeding against the defendant, as trustee, in
the year 1803, was not notice of any proceeding upon
which this judgment was obtained, any more than a pro-
ceeding, in the first instance, against an executor or ad-
ministrator, would be sufficient to warrant a judgment
founded on a *devastavit.* The original suit, in both cases,
is rather a proceeding *in rem*, than *in personam.* It is
against the *assets* in the hands of the executor or trustee,

ALBANY,
August, 1811.

belonging to the party whom they represent, and there must be a new suit, or a notice which is equivalent to it, before the trustee can be charged in his own private property or person, as for a breach of trust. There was no such new suit or notice to warrant the judgment in this case; and, consequently, no action can be sustained upon it in this state. Agreeably to the stipulation of the parties, a judgment of nonsuit must be entered.

Judgment of nonsuit.