*Verdict set aside.*

22  277
72  283

# DOWNER *v.* SHAW.

Where the property of a defendant residing in another State is attached in mesne process, notice of the pendency of the suit given to the defendant without the limits of the State where the suit is pending, is not sufficient to give the Court jurisdiction of his person.

If a judgment is rendered against a defendant residing out of the State where the suit is pending, the judgment is inoperative out of the State where it is rendered, unless the Court obtained jurisdiction of the defendant's person.

The recital in the record of a suit pending in another State, that it appeared to the Court that the defendant had notice of the pendency of the suit, is not *primâ facie* evidence that the defendant, residing in this State, was served with notice within the State where the suit was pending.

DEBT on a judgment recovered by the plaintiff against the defendant and another, in the State of Vermont.

The defendant filed an account in set-off, and the cause was referred to an auditor. On the hearing before the Auditor,

authenticated copies of the judgment declared on, and of all the papers used and filed in that suit, were offered in evidence.

By the original writ in Vermont, the officer was commanded " to attach the goods, chattels, or estate of Abiathar Shaw, jr. of Westmoreland, in the county of Cheshire, and State of New Hampshire, and Crowell Merchant of Sharon, in the county of Windsor and State of Vermont," and to summon them to answer to the plaintiff.

The officer who served the writ, returned an attachment of certain real and personal estate of Shaw, in Sharon, and a personal service on Merchant, but none on Shaw, reciting in his return, that Shaw was living without the State.

The record, after setting out the cause of action, proceeded as follows : —

" The said suit having been duly entered in Court, the plaintiff comes by S. Shuttlesworth, his attorney, to prosecute the same ; and because it does not appear to said Court that the said Shaw has had personal notice of the pendency of said suit, the said suit is by order of said Court continued to the next term of said Court to be held on the last Tuesday of May, in the year of our Lord one thousand eight hundred and thirty-nine. At which term, to wit, on the day and year last aforesaid, the plaintiff comes by his said attorney, and it appears to said Court that said Shaw has been notified of the pendency of said suit, and the defendants, though solemnly demanded, come not, but make default.

Wherefore it is considered by the Court here, that the plaintiff recover of the defendant seventeen hundred and twenty-four dollars and eighty-seven cents damages, and costs taxed at eleven dollars and seventeen cents."

Execution issued June 14, 1839, and was returned satisfied for the sum of $28.40, and no more.

No evidence of service or notice was offered but the record.

The defendant offered no evidence to sustain his set-off; but objected that the evidence of the plaintiff was not sufficient to sustain his action. The evidence was admitted by the auditor.

If the Court shall be of opinion that the evidence offered by

the plaintiff is admissible and sufficient to sustain the action, judgment is to be rendered for the plaintiff on the Auditor's report; otherwise a new trial is to be granted, or judgment is to be rendered for the defendant as the Court shall direct.

*Wheeler*, for the plaintiff. The authentication of the record in Vermont was in the form prescribed by the statute of the United States, May 26, 1790, and is entitled to " full faith and credit," under art. 4, § 1, of the constitution. By that record it appears that Shaw has had notice of the pendency of that suit.

Although it appears that Shaw was described in the writ as a resident of New Hampshire, this does not determine the mode in which notice was given to him.

There is nothing in any of the papers, which establishes absolutely the manner in which notice was given; but it is not to be presumed to have been constructive notice by advertising. There is no proof of notice, or an order of notice to that effect; neither is there any bond found on file, such as is there required before execution can issue, where there has been no actual personal notice. Vermont Rev. Stat. chap. 28, § 54.

*Vose*, for the defendant. The judgment obtained in Vermont without personal notice or appearance, is, when an action is brought upon it here, to be regarded as a nullity. *Rangely* v. *Webster*, 11 N. H. Rep. 299.

The record shows that the defendant lived out of the State of Vermont; and the burden of proof is on the plaintiff to show that the Court in Vermont obtained jurisdiction of the defendant's person. *Russell* v. *Perry*, 14 N. H. Rep. 156.

The Vermont record only shows that some notice according to the practice in that State had been given, and this may have been such as is prescribed in chap. 28, § 53, of the Revised Statutes of Vermont, by advertisement in a newspaper.

The transcript from the records of our Admiralty Court must show expressly that the defendant was within its jurisdiction. 1 Greenl. Ev. 23 ; 3 Law Magazine, 433, 441 ; *Middlesex Bank* v. *Butman*, 29 Maine Rep. 19.

PERLEY, J. The original writ in the Vermont suit describes the defendant, Shaw, as residing in this State. The return on that writ shows an attachment of his property in Vermont, and that he was then living out of that State. Judgment was recovered and execution issued against him as of Westmoreland in New Hampshire. This, in the absence of evidence to the contrary, must be taken to establish the fact of the defendant's residence without the limits of Vermont, from the time when the suit was brought against him in that State until after the judgment was recovered. *Rangely* v. *Webster*, 11 N. H. Rep. 396.

The judgments of Courts in other States of the Union are foreign, except so far as their character has been changed by and under the Constitution of the United States.

After some fluctuation of opinion, the general principle appears to be now well established, that where the State Court has jurisdiction, its judgment is conclusive in every other State ; and that where the State Court had no jurisdiction, the judgment is inoperative beyond the limits of the State where it was recovered. *Gleason* v. *Dodd*, 4 Met. 333.

A State may assert jurisdiction over personal property situated within its territorial limits, though the person of the owner is not within the jurisdiction of the Court which renders the judgment. The rule that personal property follows the person of the owner and is governed by the law of his residence, is a rule of courtesy and comity, and not binding on the government of the country where the property of an absent owner happens to be situated.

The right of the government and Courts of Vermont to take and apply property within their limits, according to their law, is not to be questioned in our tribunals. The proceedings in Vermont, so far as they relate to the property of the defendant taken there and sold on the execution, are conclusive. *Hall* v. *Williams*, 6 Pick. 241.

But unless the Court in Vermont in some way obtained jurisdiction over the person of the defendant, notwithstanding his residence abroad, the judgment in Vermont is to be regarded here as merely a proceeding *in rem*, intended to bind the pro-

Downer *v.* Shaw.

perty of the defendant found and taken there, and beyond that, will, in this State, be treated as a nullity.

If the defendant, though residing in this State, went into Vermont temporarily and accidentally, and while there was served with regular process, he would be subject to the jurisdiction of the Court that issued the process, and the judgment would, under the constitution, have the same validity and effect here as in Vermont.

Or if he voluntarily submitted to the jurisdiction of the Court by appearing and defending in person or by attorney, he could not, in this State, question the validity of the judgment which that Court might have rendered against him.

The record in the Vermont suit is *primâ facie* evidence of any fact. therein distinctly stated, that may be necessary to give the Court jurisdiction; and this rule is not derived from any provision of the Constitution of the United States, but applies to the records of other foreign tribunals. Thus, if the record had stated that the defendant appeared and defended by attorney, this would have been *primâ facie* evidence of that fact. *Gleason* v. *Dodd,* 4 Met. 333.

The only evidence in the case to show that the Vermont Court obtained jurisdiction of the defendant's person, so as to make the judgment effectual in this State, is the recital of the record, that it appeared to the Court that the defendant had been notified of the pendency of the suit. This gives us no information, when, where, or how he received notice, and cannot be taken as *primâ facie* evidence that the defendant, residing in this State, went into Vermont and was there served with notice of the suit.

The record states the legal conclusion of the Court, and not the fact upon which they adjudged that notice had been given. Such general statement would be wholly insufficient in an officer's return, and it is difficult to see why it ought to have any higher effect in the foreign record. The mere adjudication of the Court in Vermont on the question of notice, can in this State be held to mean no more than that such notice had been given, actual or constructive, as according to the law of that State, and

24 *

the course of the Court, would warrant a judgment *in rem*, binding the property attached in mesne process. It would be extravagant to contend that, from the statement in that record we were to understand that the defendant went into Vermont and was there served with notice. The most that can possibly be inferred is, that personal notice was given to him in this State. Taking that to have been the fact, it was not enough to give the Court jurisdiction over his person so as to bind him by the judgment, when it is sued in this State.

The process of attachment is effectual for its direct and legitimate purpose, which is to enforce the application of the property attached according to the laws of the State where it is found. But the attachment of his property cannot have the effect to extend the jurisdiction of the foreign Court over the person of the absent owner. Story on Confl. of Laws, § 549 ; *Mills* v. *Durgee*, (per *Johnson*, J.) 7 Cranch, 486 ; *Fenton* v. *Garlick*, 8 Johns. 194 ; *Hall* v. *Williams*, 6 Pick. 240 ; *Long* v. *Long*, 1 Hill, 597.

The result is, that there must be

*Judgment for the defendant.*