SYLVANUS STOCKWELL *vs.* WILLIAM McCRACKEN & another,

In an action on a judgment rendered in another state upon default of the defendant to appear, the record of the suit there showed that service of summons on him was ordered to be made by publication in a newspaper once a week for three months; that in proof of execution of the order an affidavit of the publisher of the newspaper was filed, that he made publication of the notice, beginning on the 15th of November and ending on the 15th of February next ensuing; and that the judgment was ordered on the 26th of March, upon its appearing to the court, among other things, that the summons "was duly served upon the defendant by publication according to law." A statute required that the summons should be published not less than three months, and the defendant be allowed forty days from completion of the service, within which to appear. *Held*, that it did not appear that the judgment was rendered prematurely.

CONTRACT, brought August 18, 1868, against William Mc-Cracken and Nicholas T. Blamey, both of them described in the writ as of Boston in this county, upon a judgment rendered against them jointly on March 26, 1863, for $839.25 damages and $56.40 costs, upon their default in an action of assumpsit brought against them on November 10, 1862, by this plaintiff in the district court of the seventeenth judicial district in the county of Sierra and state of California. No service was made on Mc-Cracken in the present action, and the plaintiff discontinued it as to him.

At the trial in the superior court, before *Reed,* J., the plaintiff put in evidence an exemplification of the record of the action in California. It appeared thereby that Blamey was personally served with summons therein on November 15, 1862 ; that, upon the affidavit of the plaintiff on November 13, 1862, that Mc-

Cracken had departed from California, and his then residence was unknown to the plaintiff, it was ordered on that day "that service of summons be made upon said McCracken by publication once a week for the period of three months in the Sierra Democrat, a weekly newspaper printed and published in Sierra County;" that in proof of the execution of the order an affidavit of the publisher of the Sierra Democrat was filed in the action to the effect that the publication was made "commencing November 15, 1862, and ending February 15, 1863;" that the published summons required McCracken to appear and answer "within ten days, exclusive of the day of service, after the service on you of this summons, if served within Sierra County, if served out of this county but within this judicial district, within twenty days, or if served out of said district, then within forty days, or judgment by default will be taken against you;" and that the judgment for the plaintiff was entered on March 26, 1863, upon its appearing to the court, among other things, "that the summons was duly served upon the defendant Blamey at Sierra County on the 15th day of November 1862, and the said summons was duly served upon the defendant McCracken by publication according to law, and no answer or demurrer has been filed or appearance made by the defendants, and their default has been duly entered according to law."

Blamey thereupon requested the judge to rule "that, it appearing by said record that the judgment was joint against both defendants, the same was not good against him, on the ground that it was rendered within forty days from the completion of the service of the summons on McCracken;" and in support of his motion referred to the Compiled Laws of California (1851–3) *c.* 123, tit. 3, §§ 25–29, which were in force at the time of the proceedings in that state. But the judge ruled, on the contrary, "that upon the record the service was good on McCracken, and the judgment would be good against Blamey if they found that personal service was made on Blamey."

Blamey introduced evidence to contradict the record as to the fact of personal service upon himself, and against his objection the plaintiff was allowed to put in evidence in rebuttal upon that

question. Blamey's evidence tended to show, among other things, that he was a resident of Sierra County at the time of the proceedings in California. The jury found for the plaintiff, and Blamey alleged exceptions.

*N. C. Berry*, for Blamey.

*R. Lund*, for the plaintiff.

WELLS, J. This action upon a joint judgment in California, against the defendants Blamey and McCracken, is properly maintained against Blamey alone, under the Gen. Sts. *c.* 126, § 14, McCracken not being an inhabitant of this Commonwealth and not having been served with process.

The record of the judgment shows service of process, in that suit, upon Blamey in California, and was sufficient proof thereof, *primâ facie*. The admission of testimony to prove actual service upon him, in support of the *primâ facie* evidence from the record, after the defendant had produced testimony to contradict the recital therein, was a proper exercise of the discretion of the presiding judge. The exception on that point is not pressed here.

The defendant contends that the judgment is void as against McCracken, for want of sufficient service of process upon him, and because of an alleged irregularity in entering the judgment upon default; and, as it is a joint judgment, being void as to one, it must be void as to both.

Blamey was a citizen of California. It does not appear, and is not alleged, that McCracken was not also a citizen of that state; although he was out of the state at the time of the service of the summons in the suit there. No question arises therefore of the jurisdiction of the court on the ground that either party was not subject to its right of jurisdiction. The validity of the judgment must depend upon the laws of California. All presumptions are to be taken in its favor. The burden is upon the defendant to show its invalidity.

We are of opinion that the defendant fails to show any invalidity in the judgment, even as against McCracken. Service upon him, as an absent defendant, was made by publication, under an order of the court, in compliance with the statutes of California. Those statutes require that in such case the summons shall be

published not less than three months, and that the defendant shall be allowed forty days from the completion of the service, within which to appear and answer. The defect relied on is, that judgment was entered, upon default, before the expiration of that period; to wit, at the end of thirty-eight days from the date of the completion of the service. For this he relies upon an affidavit filed in that case, purporting to be for proof of service of the order of publication, and stating the publication to have been made for three months, commencing November 15, 1862, and ending February 15, 1863. The judgment was entered March 26, 1863. Whether sufficient notice had been given, and sufficient time had elapsed, were questions of fact, upon which the affidavit was not conclusive. Whether the three months intended were lunar or calendar months; and if the latter, whether the 15th day of February was to be excluded from the three months, and, with the day of the default, included in the computation of forty days from completion of the service, were questions of construction and application of the statutes of that state; upon which, as well as upon the questions of fact, that court must be held to have passed in rendering the judgment. Its decision thereon is conclusive.

But if an irregularity were shown to exist, we are referred to no statute or rule of law in California, under which the judgment would thereby be rendered void; or even voidable by Blamey. The presumption, from the law as it exists here, would be otherwise. And if voidable, both defendants being citizens of California and subject to the jurisdiction of its courts, it is not at all clear that it could be avoided in another state, or in any other manner than by direct proceedings for its reversal in that state. *Hendrick* v. *Whittemore*, 105 Mass. 23. *Henderson* v. *Staniford*, Ib. 504.

We find however, in § 32 of the same chapter of the laws of California cited by the defendant, certain provisions not referred to by either side, which authorize a plaintiff, in a case like this, to proceed without further service upon an absent defendant; and, if the action be upon a joint contract, to enter judgment against both, so far as to bind the joint property of both, and

the separate property of the defendant served ; or if the defend-
ants are severally liable, he may proceed against the defendant
served in the same manner as if he were the only defendant.
Under these provisions, if still in force there, the judgment would
clearly be good against Blamey, however defective the further
proceedings to make it good against McCracken might be found
to be. *Catskill Bank* v. *Hooper*, 5 Gray, 574.

*Exceptions overruled.*