GUSTAVUS SHEPARD, Appellant, v. REUBEN G. WRIGHT, Respondent.

*Foreign judgment — service of a summons upon a non-resident in a foreign State, void.*

This action was brought upon a decree rendered against the defendant, in an action to foreclose a mortgage brought in chancery, in the Province of Ontario, Canada. The bill of complaint and notice were served upon the defendant at the village of Westfield, in this State, at which place he resided.
*Held,* that the court did not acquire by such service jurisdiction over the defendant's person.

Appeal from a judgment, recovered on a trial before the court dismissing the plaintiff's complaint in an action brought upon a decree rendered against the defendant in an action brought in chancery, in the Province of Ontario, Canada; the bill of complaint and notice in which action were served upon the defendant at his residence, in the village of Westfield, in the State of New York.

*G. W. Cotterill,* for the appellant.

*Luther R. Marsh,* for the respondent.

Daniels, J.:

The action was upon a decree entered against the defendant in an action in chancery in the Province of Ontario. Canada. The

defendant was served with a copy of the bill of complaint and notice in the village of Westfield, in this State. He did not appear in the action in Canada, and it was held by the court at the trial that jurisdiction over his person had not been acquired by the court upon whose decree this action was prosecuted, and the complaint was therepon dismissed. The action in the Court of Chancery was primarily for the collection or foreclosure of mortgages and the sale of the property affected by them. And as the defendant was the owner of the equity of redemption, it has been claimed that he was amenable to the jurisdiction of the court pronouncing the decree; and *Huntley* v. *Baker* (33 Hun, 578), is relied upon as sustaining this proposition. But neither that decision nor the authorities referred to in the course of the argument go to that extent. For in that case the defendant had his residence and domicile in the State of Wisconsin, where the judgment was recovered, and the summons was served upon him, as it was provided by the laws of that State it might be, by leaving a copy of it at his usual place of abode. That was done, the summons being left with his daughter at the place of the family residence. And, although he himself was at the time out of the State, this was held to be a legal service of the summons upon him, as his domicile still remained there at the time when the service was made. In the present case the defendant does not appear to have been at any time domiciled or a resident of the Province of Ontario, but, by one of the affidavits authenticating the service made upon him, it is stated that he then resided at the village of Westfield. This fact materially distinguished this case from that of *Huntley* v. *Baker* (*supra*), and from the other authorities relied upon in support of the appeal. In *Orcutt* v. *Runney* (10 Cush., 183), the defendant was similarly situated, for he had a place of abode in the State where the service was made, and the summons was served by leaving it there. And *Morrison* v. *Underwood* (5 Cush., 52) was very much the same in its leading circumstances. In *Stockwell* v. *McCracken* (109 Mass., 84), the court assumed the defendant to have been a citizen of the State of California at the time when the service of the process was made. And as that service was conformable to the laws of that State, it was considered to have secured to the court jurisdiction over his

person when the judgment itself was rendered. These cases, and others following the same principle, proceed upon the ground that while the party is subject to the laws of the State in which the proceedings are instituted, service may regularly be made as those laws provide; and even though it may not be personal, still it will be obligatory upon the party subject and owing allegiance to those laws.

That was not the condition of the defendant, for he resided, as the affidavit shows, in the State of New York. If he had previously resided in the Province of Ontario, that residence had been terminated and changed to a residence actually acquired in this State. And that fact deprived the Court of Chancery in the Province of Ontario of its power to acquire jurisdiction over the person, by the service of process upon him while he was beyond the limits of its territorial jurisdiction. The rule upon this subject has been stated to be "that no sovereignty can extend its process beyond its territorial limits, to subject either persons or property to its judicial decisions. Every exertion of authority beyond this limit is a mere nullity, and incapable of binding such persons or property in any other tribunals. If a State were to pass an act declaring that upon personal notice of a suit brought against a foreigner, resident in a foreign country, proceedings might be had against him and a judgment obtained *in invitum* for aught I know the local tribunals might give a binding efficacy to such judgments. But elsewhere they would be utterly void, as an usurpation of general sovereignty over independent nations and their subjects," * * * "nor would it in such a case vary the legal result that the party had actual notice of the suit, for he is not bound to appear to it. No sovereign has a just right to issue such a notice, and thereby to acquire a jurisdiction to draw the party from his own proper *forum ad alium examen*. Where a party is within a territory, he may justly be subjected to its process, and bound personally by the judgment pronounced on such process against him. Where he is not within such territory, and is not personally subject to its laws, if on account of his supposed or actual property being within the territory, process by the local laws may by attachment go to compel his appearance, and for his default to appear judgment may be pronounced against him, such a judgment

must upon general principles, be deemed only to bind him to the extent of such property, and cannot have the effect of a conclusive judgment in *personam* for the plain reason that except so far as the property is concerned, it is a judgment *coram non judice.*" (*Picquet* v. *Swan*, 5 Mason, 35, 42, 43.) The same principle was sanctioned in *Flower* v. *Parker* (3 id, 247, 251); *Dunn* v. *Dunn* (4 Paige, 425); *Fenton* v. *Gurlock* (8 Johns., 194), and *Gibbs* v. *Queen Insurance Company* (63 N. Y., 114, 124, 125). And where the record may recite the fact that service of process was personally made, or that the party proceeded against appeared, it may be contradicted in an action in another country brought upon and to enforce the judgment. (*Starbuck* v. *Murray*, 5 Wend., 148.)

The decree pronounced against the defendant in the Province of Ontario was, so far as it adjudged a personal liability against the defendant, without authority and void for want of jurisdiction over his person. And the answer sufficiently presented the objection to secure its benefit to the defendant. For this reason, and also upon the opinion delivered by the court at the trial, the judgment was right, and it should be affirmed.

Brady, P. J., concurred.

Present — Brady, P. J., and Daniels J.

Judgment affirmed.