LOUIS NERENBERG, Respondent, v. GEORGE D. KEITH et al., Appellants.

(Supreme Court, Appellate Term, First Department, November, 1917.)

Constitutional law — service of process — nonresidents — attachment — Municipal Court Code, § 48.

Attachment — warrant of, against nonresident — service — pleading — affidavits — Code Civ. Pro. §§ 636, 682 — Municipal Court Code, §§ 40, 54.

Section 48 of the Municipal Court Code relating to the service of the summons and complaint and other papers in an attachment suit immediately upon the making of the inventory, in so far as it does not provide for notice to the defendant but permits judgment to be entered against a nonresident upon the mere service of process upon the person in whose possession the property attached is found, violates the " due process " clause of the Constitution of the United States and of the Constitution of the state of New York.

Where, under a warrant of attachment granted in an action brought in the Municipal Court of the city of New York against nonresident defendants to recover for failure to deliver certain goods according to contract, a certain account due to defendants from a resident debtor was levied upon, and it appears that the only service of the summons and complaint and other papers, of all of which defendants had no notice, was made by delivery thereof to said resident debtor, a judgment entered in favor of plaintiff against defendants, who did not appear, is without due process of law and will be vacated on the ground that it is null and void.

The provision of section 54 of the Municipal Court Code and of section 682 of the Code of Civil Procedure, under which a motion to vacate an attachment must be made before the actual application of attached property or the proceeds thereof, presupposes a valid notice to the defendants of the pendency of the proceeding and does not preclude a motion to vacate the attachment promptly upon discovery of its existence.

While an allegation of the complaint that plaintiff was ready to receive the goods was sufficient for the purposes of the plead-

ing, it was necessary that the affidavit on which the attachment was granted should state facts from which the court could determine whether said allegation of the complaint could be substantiated, and the affidavit failing to show facts supporting the allegation of the complaint the warrant of attachment was improperly granted and should be vacated.

A statement in the moving affidavit that the defendants were justly indebted to the plaintiff in a certain sum over and above all payments, set-offs or counterclaims which defendants have against the plaintiff, " as near as they are known to deponent," does not comply with section 40 of the Municipal Court Code and section 636 of the Code of Civil Procedure.

Appeal by defendants from an order of the Municipal Court of the city of New York, borough of Manhattan, first district, denying a motion to vacate and set aside a judgment and warrant of attachment against defendants.

Jay C. Guggenheimer (Charles H. Meyer, of counsel), for appellants.

Max Silverstein, for respondent.

Ordway, J.　The plaintiff, claiming to have made a contract with the defendants for the sale to them of a quantity of " denims," commenced an action against the defendants for damages for failure to deliver according to contract, by obtaining a warrant of attachment against the defendants as non-residents, and levying upon a certain account due to defendants in New York city.　The only service of the summons, complaint and other papers was by delivery thereof to the debtor of the defendants in accordance with section 48 of the Municipal Court Code, which is as follows:

" Immediately upon making the inventory, the marshal must serve the summons, if it has not yet been served, together with the warrant of attachment and

inventory, upon the defendant by delivering to him personally a copy of each, if he can with reasonable diligence be found within the city, or, if he cannot be so found, by leaving a copy of each, certified by the marshal, at the last place of residence of the defendant in the city, with a person of suitable age and discretion, or, if such person cannot be found there, by posting them on the outer door, and also depositing another copy of each in the postoffice, inclosed in a sealed post-paid wrapper, directed to the defendant at his residence; or, if the defendant has no place of residence in the city, by delivering them to the person in whose possession the property attached is found.

" If personal service of the summons upon the defendant has previously been made, the marshal must serve the warrant and inventory as herein provided."

No other service or notice appears to have been made or given to the defendants and they not appearing plaintiff entered judgment against them for the amount demanded in the complaint, with costs, and collected the attached account and applied it in satisfaction of the judgment.

Defendants, learning of these proceedings, four days after the entry of judgment, made a motion to vacate the warrant of attachment and the judgment, on the ground that the papers on which the attachment was granted were insufficient and that the judgment was obtained without due process of law in that there was no service on, or notice to, the defendants in any form.

The attachment was granted and property attached June 29, 1917, and at the same time the attachment papers were served on the defendants' debtor only. The recital in the findings and order for the entry of judgment of the justice, which were signed July 16,

1917, shows that an inquest was taken and judgment was entered on that day. On July seventeenth the attached property was levied on by the marshal under an execution and the attached account paid by the defendants' debtor to the marshal who, on the same day, returned the execution satisfied.

On July 20, 1917, defendants served notice of motion to vacate the attachment and judgment. The service of the papers on the defendants' debtor was made under the last clause of the 1st paragraph of section 48 of the Municipal Court Code. The certificate of service, found at page 10a of the record, shows such service and says that it was made "for the reason that said defendants have no residence and cannot be found in said city" (New York). This method of service seems to be within the strict letter of the Municipal Court Code, but in my opinion that section is unconstitutional, in so far as it does not provide for notice to the defendant, but permits judgment to be entered against a non-resident upon the mere service of process upon a person in whose possession his property is found, as it does not comply with the "due process" clause of the Fourteenth Amendment to the Constitution of the United States and section 6 of article 1 of the Constitution of the state of New York. In *Martin* v. *Central Vermont R. R. Co.,* 50 Hun, 347, the court said, at page 350, in condemning a similar Vermont statute: "It seems hardly necessary to argue that a judgment which deprives a man of his property cannot lawfully be recovered without notice to him. We do not mean that against absent debtors the law may not authorize an attachment of the alleged debtor's property. It may thereby acquire jurisdiction of the thing; but in order to make that jurisdiction perfect it must give due notice to the owner before it attempts to divest his title. The attachment of the

property is only one step; another and equally impor-
tant step is the notice to the owner.   (Cooley on Con-
stitutional Limitations, 403; *Buchanan* v. *Rucker,* 9
East, 192; *Fenton* v. *Garlick,* 8 Johns. 194.)   Such is
the rule in proceedings strictly *in rem,* to which what
is known as foreign attachment is analogous.   Now,
while it is true that this notice to the owner need not
be personal, as he is out of the State, yet it must be,
as said in the quotation above, 'adapted to the nature
of the case.'   If it be said that it rests with the legis-
lature of the State in which the attachment is issued
to declare what shall be a sufficient notice, the answer
is that that may be so, provided there is a reasonable
and *bona fide* provision for giving notice.   But cer-
tainly a legislature cannot enact that no notice need be
given, or make that a notice which is no notice at all.
To do that would be a fraud on the Constitution.

"Now, in the present case, there was no notice
whatever to Martin and no attempt to give him notice.
*Process was issued and served on the railroad com-
pany, his debtor, and on no one else.   To serve a notice
on a man's debtor is no notice to the man of a claim
against him.*   The debtor is in no sense his agent.
And, if there were a statute of Vermont declaring it
to be unnecessary to give any notice to the alleged
debtor whose property is to be taken, such a statute
could not be valid against this constitutional provi-
sion.   A State cannot make that due process of law
which is not such.   If a State can declare that service
on a man's debtor is due process of law under which
his property can be taken away, then it can dispense
with any service of any kind whatever.   The constitu-
tional amendment aims, among other things, to guard
all the citizens of all the States from any such
injustice."

In *People ex rel. Simpson Co.* v. *Kempner,* 154 App.

**556** Nerenberg v. Keith.

Div. 674, the court said, page 677: " So carefully have the courts guarded this constitutional and sacred right of the citizen, that statutes omitting this required essential have uniformly been condemned, even where it appeared, as it does in this case, that the party proceeded against was permitted, through the courtesy of the court, to have and did have notice of the proceeding and opportunity to be heard. It is not enough that a person may by chance have notice, or that he may as a matter of favor or courtesy have a hearing; the law itself to be constitutional *must require notice* and give a right to a hearing. It matters not upon the question of the constitutionality of such law that the questions involved have been fairly decided. The essential validity of the law is to be tested, not by what has been done under it, but by what may by its authority be done. (*Stuart* v. *Palmer,* 74 N. Y. 183, 188; *Gilman* v. *Tucker,* 128 id. 190, 200; *Coxe* v. *State,* 144 id. 396, 408; *Colon* v. *Lisk,* 153 id. 188, 194.) " See also *Windsor* v. *McVeigh,* 93 U. S. 274; *Roller* v. *Holly,* 176 id. 398. In the *Roller* case the court said, p. 409: " That a man is entitled to some notice before he can be deprived of his liberty or property, is an axiom of law to which no citation of authority would be additional weight."

Undoubtedly personal service on a non-resident defendant is not essential, and constructive notice is sufficient if " it is reasonably probable that the party proceeded against will be apprised of what is going on against him, and an opportunity is afforded him to defend." *Happy* v. *Mosher,* 48 N. Y. 313, 317. But, in my opinion, service on a resident debtor of a non-resident defendant is not sufficient. *Martin* v. *Central Vermont R. R. Co., supra; King Tonopah Mining Co.* v. *Lynch,* 232 Fed. Repr. 485. In the latter case the court held that a statute permitting service of process

upon a foreign corporation by delivering it to the secretary of state was not " due process," and said, page 498: " The statute provides a form of service by which it is quite possible for a plaintiff, who is familiar with the business and affairs of the defendant, and consequently knows where the defendant may be served personally or by mail, to obtain a judgment without defendant's knowledge. If the statute were not so designed, if it were not the purpose to subtract something from the full measure of constitutional due process, why was not the secretary of state required to make some attempt to give notice, particularly when the plaintiff is fully informed as to defendant's residence and whereabouts? "

In the case at bar plaintiff knew defendants' home address and also knew the address of defendants' representative in New York city, but so far as the record shows both he and their debtor carefully refrained from giving them any notice of the attachment. Plaintiff had obtained a judgment against defendants and the satisfaction of that judgment without their knowledge and evidently with the intention of keeping them in ignorance of it until he had secured their money. This shows clearly the dangerous possibilities of the statute.

The respondent argues that the defendants are protected by the provisions of sections 55 and 135 of the Municipal Court Code, but it is clear that they do not meet the point. They merely provide that, where there has been an attachment and the defendant is not served personally and does not appear, the plaintiff cannot obtain a judgment *in personam* but only a judgment *quasi in rem* against the attached property; and that if he desires a judgment *in personam,* the judgment which he has already obtained in the attachment suit will be merely presumptive evidence of the validity of

his claim in the second action which he brings to obtain a personal judgment. However, the judgment which he has already obtained in the attachment suit is absolutely conclusive against the attached property. There is nothing in the Municipal Court Code which provides otherwise. Section 55 provides a rule of evidence in a suit *subsequently brought,* but has no effect whatsoever on the conclusiveness of the judgment in the attachment suit against the property actually attached.

The judgment should therefore have been vacated, and as it is and always has been null and void there is no force in respondent's point that the defendants cannot move to vacate the attachment, because section 54 of the Municipal Court Code and section 682 of the Code of Civil Procedure only permit applications to vacate attachments before the actual application of the attached property or the proceeds thereof to the payment of the judgment recovered in the action. It would be absurd to hold that the judgment is void because entered without due process of law, and yet that defendant is prevented by the entry of that judgment and the unlawful application of his property to the payment thereof from moving to vacate the attachment promptly upon his discovery of its existence. The provision that the motion to vacate the attachment and warrant must be made before the application of the proceeds presupposes a valid notice to the defendants of the pendency of the proceedings. If interpreted as the respondent in the instant case would have us apply it, its infirmity as unconstitutional is quite as clear as that of the provision for the service of the summons.

The warrant of attachment was improperly granted and should be vacated because the papers on which it was granted fail to show facts supporting the allegation of the complaint that plaintiff was ready to receive

and pay for the goods.  His allegation of that ultimate fact in his complaint is probably sufficient, so far as the complaint is concerned, but it was necessary that his affidavits should contain evidence from which the court can determine that that ultimate fact can be substantiated.  *Makepeace* v. *Dilltown Smokeless Coal Co.,* 179 App. Div. 60.  In addition to this, the plaintiff's affidavit states that " said defendants are justly indebted unto this plaintiff in the sum of $420 over and above all payments, set-offs or counterclaims which the defendants have against this plaintiff *as near as they are known to deponent,*" which is an insufficient compliance with section 40 of the Municipal Court Code and section 636 of the Code of Civil Procedure. It is hard to say just what plaintiff means by the words " as near as they are known to deponent," but it is clear that he is, to say the least, somewhat uncertain about a matter as to which the Code requires him to be positive.

Order reversed, with ten dollars costs, and judgment and warrant of attachment vacated and set aside, with ten dollars costs, with leave to the plaintiff to appeal to the Appellate Division, First Department.

BIJUR and PHILBIN, JJ., concur.

Order reversed, with costs, and judgment and warrant of attachment vacated, with costs, with leave to plaintiff to appeal to Appellate Division.