FRANK H. HENRY, Respondent, *v*. HERMAN VAN ZONNE-VELD and JAN PHILIPPO, Doing Business under the Firm Name and Style of VAN ZONNEVELD BROTHERS & PHILIPPO, Appellants.

(Supreme Court, Appellate Term, First Department, January, 1918.)

Default — motion to open — Municipal Court of city of New York — jurisdiction — nonresidents — judgments — motions and orders.

Where, in a Municipal Court action to recover a balance due for goods sold and delivered, no personal service of the summons, attachment or any of the papers in the action was ever made upon the defendants, who were residents of Holland, a second motion made to open their default in appearing and answering was made after the entry of judgment in the

belief that all the papers on a similar motion made before the entry of judgment had been lost, and the moving papers upon the second motion contain the undisputed statement that upon the day set for an inquest defendants' attorney appeared and his request for leave to interpose an answer was refused, the court has jurisdiction to hear the motion, and an order entered upon a denial of the motion to vacate the judgment will be reversed.

APPEAL by the defendants from an order of the Municipal Court of the city of New York, borough of Manhattan, fifth district, denying a motion to vacate a judgment.

Adolph M. Schwarz and Louis F. Perl (Louis A. Jaffer, of counsel), for appellants.

Seibert, Paddock & Cochran (James Cochran, of counsel), for respondent.

WEEKS, J.. The defendants herein are non-residents of this state and reside in Holland. They have an attorney-in-fact residing in this city, and also employ an attorney-at-law.

On June 2, 1917, the plaintiff applied for and obtained a writ of attachment against the property of the defendants, based upon a complaint for a balance due for goods sold and delivered. The marshal levied upon funds belonging to the defendants then in the hands of a firm of bankers in this city. No personal service of the summons, attachment, or any of the papers in the action, was ever made upon the defendants, or upon the attorney-in-fact. The attorney-in-fact was informed by the bankers of the levy and they stated that they had given the marshal the address of the attorney in this city, and that the marshal or process server said he would take a copy of the papers to his house. Not receiving any papers

the attorney-in-fact consulted with defendants' counsel and on June 23, 1917, an order to show cause was procured, returnable June 26, 1917. The relief asked for was why an order should not be made "to open the default of the defendants in appearing and pleading and to vacate and set aside any judgment entered in the action and permitting the defendants to appear and file their answer."

On July 7, 1917, the defendants obtained another order to show cause returnable July 10, 1917, asking for the same relief and setting up in the moving papers that the papers in the former motion had been lost or mislaid in the office of the clerk of the Municipal Court and could not be located.

Both motions contained a verified answer setting up a denial and also a counterclaim and an affidavit made by the attorney-in-fact to the effect that he was familiar with all the transactions between the parties and that the defendants had a meritorious defense. Both motions were denied. The order on the first motion is dated June 26, 1917, and the order on the second motion is dated July 24, 1917. It is in proof that when the second motion was made and at the time it was heard on July 10, 1917, the papers in the first motion had not come to light. The defendants appeal from the order made on the last motion and the point is made by the respondent that the power of the court was exhausted, and that no power existed to make the second order and that the appeal should have been taken from the first order. Without passing upon the question as to whether or not the cases cited by the respondent as upholding this contention are now authorities under the new Municipal Court Code, they having been decided prior to its enactment, we think the making of the last motion was proper and the appeal therefrom well taken.

It has been held and there is abundant authority in support of the statement that a motion once denied by a judge cannot be renewed unless with leave of the same judge who denied it, or unless made upon presentation of new facts which have occurred since the denial of the previous motion, in which case the renewal may be made as a matter of right. *Goldenberg* v. *Adler,* 123 N. Y. Supp. 387, and cases cited.

In the instant case, it appears that the first motion was made before the judgment had been entered.  The second motion was clearly made upon the belief that all the papers in the first motion had been lost and that the motion had come to naught, but the moving papers in the second motion, which was made after the judgment was entered, contained the additional statement, which was not disputed, that upon the day set for an inquest the defendants' attorney appeared and asked to be allowed to interpose an answer and that the request was denied.

Under this state of affairs it cannot be held that the second motion was improperly made or that the court below had no jurisdiction to hear it.  In an attachment proceeding without service of process upon the defendants a judgment may be entered and the property attached applied to the payment of the judgment, but such judgment is merely presumptive evidence in an action subsequently brought.  Mun. Ct. Code, § 55.

Strictly speaking, the defendants were not in default as they were never served.  Grave and substantial reasons should be assigned in order to deprive a party of the right to have his day in court and no valid reasons whatever are shown in this case.

Although this court has held, in *Norenberg* v. *Keith,* 101 Misc. Rep. 551, that section 48 of the Municipal Court Code, on which plaintiff relies to show juris-

diction in the Municipal Court, is unconstitutional, such decision does not affect the case now under consideration as the defendants herein have voluntarily appeared and are asking to have their default opened and for leave to file an answer.

Order reversed, with ten dollars costs, and motion granted; defendants to file an answer within ten days and trial ordered of the issues.

Lehman and Finch, JJ., concur.

Order reversed, with costs.