## MUNICIPAL COURT — NEW YORK CITY.

### July, 1921.

## CANDELORO GATTO v. JAMES E. MURRAY, PROPERTY CLERK.

(116 Misc. 270.)

(1) INTOXICATING LIQUORS—SEIZURE WITHOUT SEARCH WARRANT—MUNICIPAL COURT HAS JURISDICTION OF ACTION TO RECOVER POSSESSION.

Where in violation of constitutional right a certain quantity of wine was seized in April, 1921, without a search warrant, by a police officer of the city of New York who, at the time, knew that the wine was stored in the private dwelling of the plaintiff, the Municipal Court of

the city of New York has jurisdiction of an action against the property clerk of the city, to recover possession of the wine.

(2) SAME—FILING OF RETURN BY OFFICER DOES NOT CONSTITUTE A "PENDING PROCEEDING"—CODE CRIM. PROC., §. 802-B.

The filing of a return by the officer in conformity with section 802-b (3) of the Code of Criminal Procedure (Laws of 1921, chap. 156) did not constitute a "pending proceeding" within the meaning of the provision of said section that liquors seized as provided therein "shall not be taken from the custody of the peace officer by a writ of replevin or other process while a proceeding or trial is pending," and failure to serve a copy of the return upon plaintiff was not "due process," but in any event plaintiff was entitled to judgment.

ACTION to recover possession of certain liquor seized by a police officer.

*Louis Spiegel,* for plaintiff.

*John P. O'Brien, Corporation Counsel (Adolph Stern,* of counsel), and *Edward Swann, District Attorney (Peter L. Sabbatino, Assistant District Attorney,* of counsel), for police department.

PANKEN, J.:

This is an action to recover possession of nine barrels of wine from the property clerk of the city of New York, which property had been seized by a police officer from the plaintiff in April, 1921.

The facts in the case are undisputed, and are as follows: On the 15th of April, 1921, a police officer, after visiting premises No. 61 Catharine street, in the city of New York, was informed that the liquor stored in the basement of said building was the property of the plaintiff herein. He informed himself that the plaintiff conducted a store at 6 Monroe street, and he proceeded to the place of business of the plaintiff and there inquired as to the ownership of the liquor at No. 61 Catharine street. The plaintiff claimed ownership of said liquor. Thereupon the officer arrested the plaintiff and

arraigned him before Magistrate Simpson in one of the District Magistrates' Courts maintained for the city of New York. A hearing was had before the magistrate, and after such hearing the magistrate discharged the plaintiff herein.

From the conceded record it appears that the testimony before the magistrate disclosed the fact that the plaintiff had purchased about fifteen barrels of wine for the use of his family and his guests; that he never sold any of such liquor, and that the liquor was stored in the house owned by him and which he partly occupied with his family. The magistrate discharged the plaintiff.

The conceded record also discloses that at the time of the arrest by the officer of the plaintiff another officer was stationed at No. 61 Catharine street, the premises where the liquor was located, and that on the acquittal of the plaintiff the officer was withdrawn. On the following day, which would be the 16th, another officer had been placed in the premises at No. 61 Catharine street, and continuously remained there until the 20th, when the liquor was removed from the plaintiff's abode.

The plaintiff appeared before me and testified that he had been living in No. 61 Catharine street for about ten years; that he owned the building for about eleven years; that he lived there with his family, which consisted of his wife and seven children; that he had purchased the wine about three years ago; that he and his family were using same.

The sole question that is to be determined by me in this proceeding is whether or not the Municipal Court of the city of New York has jurisdiction in a case of this character.

Chapter 156 of the Laws of 1921, among other things, provides as follows: "Whenever a peace officer shall find any person in the act of illegally manufacturing, selling, bartering, transporting, importing, exporting, delivering, furnishing or purchasing intoxicating liquor, or in the unlawful possession thereof outside of his private dwelling, he may, without a warrant, seize any and all such intoxicating liquor and the vessels

17

containing the same and any property designed for the manufacture of such liquor. The officer shall make a return of his proceedings to a judge who would be authorized to issue a warrant for such a seizure, setting forth the grounds on which the seizure was made, and such return shall be deemed to be a complaint for the purposes of this section; * * *."

In the case at bar a return was introduced in evidence, upon the face of which it appears that the liquor was seized from a place other than the private dwelling of the plaintiff. The return bears date of April 26, 1921.

As conceded by the corporation counsel and the district attorney, the liquor in question was taken from the plaintiff's premises on the 20th of April, 1921, five days after a court of competent jurisdiction had concluded in effect, and as a matter of fact, that the liquor was stored in the private dwelling of the plaintiff herein.

The laws on the statute books should be enforced whether we agree with them or not. Lawlessness, however, even in the enforcement of a law, is intolerable.

The police officer seizing the liquor knew at the time it was seized that it was stored in the private dwelling of the plaintiff. It was indicated to him by a magistrate of the city of New York after an adjudication. The act of removing property belonging to the plaintiff without warrant of law was oppressive and inexcusable.

The Constitution of the United States as amended provides as follows: " The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized."

No warrant of seizure was issued out of a court of competent jurisdiction in this case, and, in violation of the constitution, the property was seized. The Mullan-Gage Act provides

in section 1213 as follows: " Nothing in this article shall be construed to forbid the possession of intoxicating liquor," etc.

The question as to whether or not the Municipal Court has jurisdiction requires a construction of the Mullan-Gage law.

Subdivision 3 of section 802-b provides as follows: " Intoxicating liquor seized as hereinbefore provided, and the vessels seized containing the same and any property designed for the manufacture of such liquor shall not be taken from the custody of the peace officer making seizure by a writ of replevin or other process, while a proceeding or trial is pending."

It is argued by the learned district attorney, as well as by the corporation counsel, that the filing of the return by the police officer in conformity with the provision hereinabove cited constitutes a " pending proceeding," and until a termination of that proceeding no action in replevin would lie.

There is no proof before me of service of a copy of the return made to the Supreme Court upon the plaintiff.

Can it be said that a proceeding is pending? Under the Mullan-Gage Law the return of the officer to the Supreme Court is deemed to be a complaint. Can a proceeding be started without serving a copy of the complaint? It could not have been the intention of the legislature when enacting the Mullan-Gage Law to take the property of citizens of the State without due process. " Due process " has been .construed so often that it is not necessary to elaborate on it. It is elementary that service of a copy of the complaint must be effected. If all that is necessary is that the officer make a return in order to divest this court of jurisdiction or the plaintiff of his rights to replevy his property, a return made after the commencement of the action might constitute, within the meaning of the law, a pending proceeding. That surely was not the intention of the legislature.

Is it to be assumed that a person from whose dwelling his personal belongings have been taken, and which he had a right to own, must resort to mandamus proceedings requiring the

police officer to make a return before a claim can be made by him for his property? Surely that was not the intention of the legislature.

In Roller v. Holly, 176 U. S. 398, cited in Nerenberg v. Keith, 101 Misc. Rep. 551, 556, it was said: " That a man is entitled to some notice before he can be deprived of his liberty or property, is an axiom of the law to which no citation of authority would give additional weight."

In People ex rel. Simpson Co. v. Kempner, 154 App. Div. 674, is contained the following proposition: " It is not enough that a person may by chance have notice, or that he may as a matter of favor or courtesy have a hearing; the law itself to be constitutional must require notice and give a right to a hearing."

I am of the opinion that failure to serve a copy of the return upon the owner of the property seized is not due process.

In this case, in any event, the plaintiff is entitled to judgment.

Judgment for plaintiff.