ZEBULON MAYEFSKY, Respondent, *v.* JACOB DAVIS and SAMUEL ROTHOUSE, as Surviving Partners of the Firm of JACOB DAVIS, SAMUEL ROTHOUSE and ABRAHAM LEVINE, Trading as PENN SUSPENDER AND GARTER COMPANY, Appellants.

Supreme Court, Appellate Term, First Department, March 12, 1931.

*Feinson & Feinson* [*Samuel H. Feinson* of counsel], for the appellants.

*Leo A. Greenbaum,* for the respondent.

LYDON, J. Plaintiff procured a warrant of attachment against the property of defendants on the ground that they were non-residents of the State. The marshal levied by serving the warrant upon certain debtors of the defendants within the city of New York. Thereafter, and within thirty days, the summons and complaint were delivered to the defendants personally in the city of Philadelphia.

Plaintiff seeks to uphold the attachment on the ground that section 15 of the Municipal Court Code, read in connection with section 235 of the Civil Practice Act, justifies the method of service here adopted. But, since section 48 of the Municipal Court Code makes specific provision for the manner of service of the summons and complaint in cases where a warrant of attachment has been issued, it is obvious that section 15 does not authorize us to sanction a different method of service merely because that method is authorized in actions in the Supreme Court.

The real difficulty, in such a case as the present, results from the fact that the provision of section 48 of the Municipal Court Code, allowing service of process upon the person upon whom service of the warrant has been made, has been adjudged uncon-. stitutional (*Nerenberg* v. *Keith,* 101 Misc. 551), and, although that decision was made in 1917, and has been followed since (*Drew* v. *Northwestern Corporation,* 133 Misc. 706), the statute has not been amended so as to meet the difficulty. It seems necessarily to follow that under the existing statute it is impossible to procure an attachment in the Municipal Court on the ground of defendant's non-residence within the State, unless plaintiff happens to be able to make service of process within the city of New York.

Orders reversed, with ten dollars costs, and motions granted, with ten dollars costs.

Present — LYDON and CALLAHAN, JJ.