PENNINGTON FURNITURE COMPANY, Respondent, *v.* HERMAN MILLER FURNITURE COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, November 15, 1934.

*Gregory, Stewart & Montgomery* [*Charles C. Stevenson, Jr.,* of counsel], for the appellant.

*Lind, Shlivek, Marks & Brin* [*Saul J. Brin* of counsel], for the respondent.

CALLAHAN, J. Prior to 1931 section 48 of the Municipal Court Code provided that where an attachment was granted in that court, and the defendant had no place of residence in the city of New York service of process might be effected by leaving a copy of the summons, warrant and inventory with the person in whose possession the property attached was found. In this form the section was declared unconstitutional. (*Nerenberg* v. *Keith*, 101 Misc. 551; *Drew* v. *Northwestern Corp.*, 133 id. 706; *Mayefsky* v. *Davis*, 139 id. 506.) By chapter 576 of the Laws of 1931 section 48 was amended so as to add the requirement that a copy of the summons, warrant and inventory be sent by registered mail to the defendant at his last known address. By the same Legislature (see chapter 642 of the Laws of 1931) section 21 of the Municipal Court Code was amended so as to permit an order for service by publication to be procured in a case where an attachment was granted, unless service of the summons was effected within thirty days thereafter. It appears that it was not the legislative intention to require service by publication in every case in addition to service by registered mail, but that the intention was to permit jurisdiction to be effected either through service by registered mail or through publication.

In the instant case no attempt was made to serve by publication as no order therefor was obtained, nor does it appear that personal service without the State was attempted. The only manner in which the plaintiff sought to obtain jurisdiction over the attached property was by delivery of copies of the summons, warrant and inventory to the persons in whose possession the attached property was found, and by sending a copy of each by registered mail to the defendant's last known address, Zeeland, Mich.

The question presented is whether section 48, to the extent that it permits service by registered mail, is constitutional. In deciding that question I will assume that constitutional limitations (Art. 6, § 18; *Heihs* v. *Reinberg*, 136 Misc. 815, 818, 820) did not prevent the Legislature from authorizing the Municipal Court to direct service of its process by mail upon a non-resident of the State or a foreign corporation where defendant's property is attached within the city of New York.

A summons in the Municipal Court must be answered within five days after its service, exclusive of the day of service. (Mun. Ct. Code, § 20.) If section 164 of the Civil Practice Act be held to apply to a summons the defendant would have three additional days to answer. No provision is made for giving a non-resident defendant, served with process by registered mail under section 48 of the Municipal Court Code, any greater time to answer. This

means that such a defendant would have at most only eight days to answer, even if the registered letter be not received by him until after the time to answer has expired, which may well be the case where his residence is at a considerable distance from New York city. In many instances the letter containing the summons might be received only a day or two before the expiration of the eight-day period.

Section 48 in its prior form was held to be unconstitutional because constructive notice is sufficient only if it is " reasonably probable that the party proceeded against will be apprised of what is going on against him, and an opportunity is afforded him to defend." (*Nerenberg* v. *Keith*, 101 Misc. 551, 556, quoting from *Happy* v. *Mosher*, 48 N. Y. 313, 317.) The amended statute appears to be equally unconstitutional for the reason that in a large number of cases it is not reasonably probable that a summons mailed to a non-resident defendant will be received by him in time to permit him a reasonable opportunity to defend. A defendant may, for example, reside on the Pacific coast, in which event a period of eight days to answer would often prove wholly inadequate. This is all the more true in the case of defendants residing abroad. There is little difference between insufficient opportunity to answer and no notice or opportunity at all. Nor is the statute saved from unconstitutionality merely because in many instances the defendant may receive the summons in ample time to answer. " The test of the constitutionality of the statute is what might be done under its terms, not what was done in a particular case." · (*Drew* v. *Northwestern Corp., supra,* 707.)

In the Supreme Court the only method of serving a non-resident defendant is by publication or by personal service outside the State. In the case of service by publication the defendant has twenty days to answer after the completion of publication, a total period of sixty-two days (Rules Civ. Prac. rule 51), while in the case of personal service outside the State he has at least thirty days to answer (Rules Civ. Prac. rule 51).

Service on non-residents by mail has been upheld under section 52 of the Vehicle and Traffic Law, but no judgment may be entered under that statute until the defendant's return receipt shall have been filed with the clerk of the court, thus giving the defendant, for the purpose of answering, at least the amount of time which it takes to obtain the return of the receipt. Moreover, section 52 provides that " the court in which the action is pending may order such extensions as may be necessary to afford the defendant reasonable opportunity to defend the action."

A similar provision played considerable part in the reasoning employed by the United States Supreme Court in upholding the

constitutionality of a Massachusetts statute analogous to section 52 of our Vehicle and Traffic Law. The court said: " It is required that he shall actually receive and receipt for notice of the service and a copy of the process * * * and it contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense." (*Hess* v. *Pawloski*, 274 U. S. 352, 356.) In the case of a service by mail under section 48 of the Municipal Court Code the Municipal Court is given no power to extend defendant's time to answer beyond eight days, and the plaintiff may, therefore, enter judgment by default at the expiration of the eight-day period regardless of the defendant's place of residence and regardless of the date of the defendant's receipt of the summons.

Nor does the case of *Shushereba* v. *Ames* (255 N. Y. 490) avail the present plaintiff. In that case the Court of Appeals held that the mere possibility that the return receipt might be signed by some one other than the defendant was insufficient in itself to render the statute unconstitutional. The court pointed out that the judgment in a particular case might be rendered void but that the statute itself was not invalid since it, " fairly construed, provides a method by which the court can act with almost complete assurance that the defendant has received notice of the action and opportunity to defend " (p. 495). The court went on to say (p. 495): " The statute is not unconstitutional when it authorizes the court to proceed upon assumptions which rest fairly upon general experience and accord with probability — at least until those assumptions are challenged."

It is evident from the language above quoted that the test of the constitutionality of section 48 of the Municipal Court Code is whether it is reasonably probable that the service made thereunder will afford a non-resident defendant an opportunity to defend the action. Taking into consideration the vast number of cases in which the residence of the defendants will be so far distant from this city that eight days' notice by mail will not give them an adequate opportunity to defend, this court is of the opinion that the statute must be held unconstitutional.

Order reversed, with ten dollars costs, and motion granted, with ten dollars costs.

All concur; present, LYDON, CALLAHAN and SHIENTAG, JJ.