LONG ISLAND MACHINERY & EQUIPMENT CO., INC., Respondent, *v.* FLOYD E. JACOBS and Another, Doing Business, etc., Appellants.

Supreme Court, Appellate Term, First Department, June 14, 1935.

*Cravath, de Gersdorff, Swaine & Wood* [*Hugh A. Fulton* of counsel], for the appellants.

*David Levine* [*Solomon Rothfeld* of counsel], for the respondent.

PER CURIAM. The only service attempted was by delivery to defendants personally in the State of Missouri. This is attempted to be sustained, *first*, on the theory that section 21 of the Municipal Court Code authorizes such procedure and, *second*, for the reason that the Supreme Court practice is applicable, in accordance with section 15 of the Municipal Court Code. Neither theory seems tenable. Section 21 provides that service of a summons may be made on defendant *within the city of New York* in like manner as though the summons issued out of the Supreme Court; and further that service by publication may not be made, except that in an action wherein a warrant of attachment has been granted and there has been no service of the summons within thirty days, an order may be procured before the expiration of that period for service by publication. These provisions should not by implication be construed to mean that personal service outside the State might be made within that time. The statute refers to service of process issued out of an inferior court of local jurisdiction, and legislative intent to authorize service of such process in foreign States is not inferable.

Nor can the Supreme Court practice be invoked to support the service attempted. Section 15 of the Municipal Court Code only applies where no specific provision is found in that code covering the question involved. (*Mayefsky* v. *Davis*, 139 Misc. 506.) Provisions concerning service after attachments are to be found in sections 21 and 48 of the Municipal Court Code. That some of the methods authorized are unconstitutinal (*Pennington* v. *Miller*, 153 Misc. 669) does not alter the rule. The statement in the case last cited that no attempt was made there to serve process personally outside the State merely indicated that the question passed on here was not under consideration there.

Order reversed, with ten dollars costs, and motion granted.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.